## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| **GREG HAGEMAN** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **On Appeal From The** |
| | ) | **United States District Court For** |
| **v.** | ) | **The Eastern District of Missouri,** |
| | ) | **No. 4:13-cv-02522-CEJ** |
| **DENNIS J. BARTON, III,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

## BRIEF OF APPELLANT GREG HAGEMAN

Richard A. Voytas, Jr.
Voytas & Company
Attorney for Appellant Greg Hageman
1 North Taylor Avenue
Saint Louis, MO 63108
(314) 932-1068
rickvoytas@gmail.com

Appellate Case: 14-3665    Page: 1    Date Filed: 01/20/2015 Entry ID: 4235502

## APPELLANT'S SUMMARY OF THE CASE / ARGUMENT REQUEST

Defendant-Appellee Dennis Barton ("Barton") pretended to be the lawyer for St. Anthony's Medical Center (SAMC) in a suit Barton filed against Appellant in St. Louis County, Missouri in October of 2012. Barton was not SAMC's attorney. In the St. Louis County action, Barton added improper amounts of interest to inflate the amount of the debt. On December 5, 2012, Barton took a default judgment against Appellant in the name of SAMC. The judgment allowed for 9% post-judgment interest.

In early 2013, Barton filed a separate suit against Appellant, this time under the guise of being the attorney for "Sunshine Title Loan," in Madison County, Illinois. The purpose of this new suit was register the SAMC default judgment. In this suit, Barton added illicit post-judgment interest at a rate in excess of 20%.

In December of 2013, Barton was actively garnishing Appellant in the name of SAMC. The garnished funds were not going to SAMC; they were going to Barton. Appellant hired counsel in December of 2013 and learned, for the first time and only with the assistance of counsel, that Barton was not who he claimed to be. Appellant filed his Complaint against Barton on December 19, 2013.

Appellant respectfully requests twenty minutes of oral argument to demonstrate to the Court that Appellant's FDCPA claims are not time-barred, and to show the Court that the district court erred when it dismissed the Complaint.

Appellate Case: 14-3665     Page: 2     Date Filed: 01/20/2015 Entry ID: 4235502

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………....4

JURISDICTIONAL STATEMENT…………………………………………9

APPELLANT'S STATEMENT OF THE ISSUES……………………………..10

APPELLANT'S STATEMENT OF THE CASE………………………………11

SUMMARY OF LEGAL ARGUMENT……………………………………17

LEGAL ARGUMENT……………………………………………………19

    **I.    THIS COURT MUST REVERSE THE RULING OF THE DISTRICT COURT THAT APPELLANT'S FDCPA CLAIMS ARE TIME-BARRED BECAUSE MANY CLAIMS FALL WITHIN THE ONE-YEAR STATUTE OF LIMITATIONS.** …………………………………………………………………19

    **II.    APPELLANT'S FDCPA CLAIMS THAT FALL OUTSIDE THE STATUTE OF LIMITATIONS SHOULD BE SUBJECT TO THE DISCOVERY RULE OR EQUITABLE TOLLING.** …………………………………………………………………..29

    **III.    APPELLANT HAS PLEADED A VIABLE § 1692i CLAIM BECAUSE BARTON'S MADISON COUNTY ACTION IS SUBJECT TO THE FDCPA'S VENUE RESTRICTIONS.** ……………………..…………………………………………42

    **IV.    THIS COURT SHOULD REINSTATE APPELLANT'S CLAIMS FOR CONVERSION AND ABUSE OF PROCESS.** …………………………………………………………………50

CONCLUSION………………………………………………….....50

CERTIFICATE OF COMPLIANCE………………………………………51

CERTIFICATE OF SERVICE………………………………………………52

Appellate Case: 14-3665     Page: 3     Date Filed: 01/20/2015 Entry ID: 4235502

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Adkins v. Weltman, Weinberg & Reis Co., L.P.A., Civil Action No.
2:11–cv–00619, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012)…………48

A.G. Edwards & Sons, Inc. v. Drew, 978 S.W.2d 386 (Mo.Ct.App. 1998)….21

Asch v. Teller, Levit & Silvertrust, P.C., 2003 WL 22232801
(N.D.Il 2003)……………………………………………………………….20, 30

Bailey v. Glover, 88 U.S. 342 (1875)…………………………………………. 32

Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984)………………..35

Balinger v. Culotta, 322 F.3d 546 (8th Cir. 2003)………..……………………26

Betskoff v. Enterprise Rent A Car Co. of Baltimore, LLC, Civil Action No.
ELH–11–2333, 2012 WL 32575 (D. Md. Jan. 4, 2012)…………………40

Central States, S.E. & S.W. Areas Pension Fund v. Navco, 3 F.3d 167
(7th Cir. 1993)……………………………………………………………..39

Clark v. Bonded Adjustment Co., 176 F. Supp. 2d 1062
(E.D. Wash. 2001)………………………………………………………..39

Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993)……………………………30

Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568
(S.D.N.Y. 2011)………………………………………………………....35

Copeland v. Kramer & Frank, P.C., No. 4:09CV310 CD, 2009 WL 1684661
(E.D. Mo. June 16, 2009)…………………………………………………26

Deutsche Bank v. Lichtenfels, Nos. CV044003402S, CV065007438S,
2009 WL 2230937 (Conn. Super. Ct. June 17, 2009)…………………..37

Executive Air Taxi Corp. v. City of Bismarck, N.D., 518 F.3d 562, 570
(8th Cir. 2008)……………………………………………………………….32

Appellate Case: 14-3665    Page: 4    Date Filed: 01/20/2015 Entry ID: 4235502

Flores v. Quick Collect, Inc., Civ No. 06-1564-AA, 2007 WL 2769003
        (D. Or. Sept. 18, 2007)……………………………………………48

Fox v. Citicorp Credit Servs. Inc., 15 F.3d 1507, 1515 (9th Cir. 1994)………45

Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89
        (2d Cir. 2012)……………………………………………………..27

Garry v. Geils, 82 F.3d 1362 (7th Cir. 1996)…………………………………..26

Goins v. Brandon, 367 F.Supp.2d 240 (D. Conn. 2005)……………………..30

Greenfield v. Kluever and Platt, L.L.C., 2010 WL 604830
        (N.D. Ill. 2010)…………………………………………………………..32

Harris v. Barton, 2014 WL 3701037 (E.D. Mo. July 25, 2014)………………31

Hartman v. Asset Acceptance Corp., 467 F.Supp.2d 769
        (S.D. OH 2004)………………………………………………………..23, 30

Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990),
        cert. denied 498 U.S. 1026 (1991)………………………………………34

Heintz v. Jenkins, 514 U.S. 291 (1995)……………………………………….26

In re Humes, 468 B.R. 346, 356 (E.D. Ark. 2011)…………………………..32

Jones v. TransOhio Sav. Ass'n, 747 F.2d 1037 (6th Cir. 1984)………………35

Lance v. Dennis, 546 U.S. 459 (2006)…………………………………………25

Lembach v. Bierman, 528 Fed. Appx. 297 (4th Cir. 2013)…………………….32

Lester E. Cox Medical Center v. Huntsman, 408 F.3d 989
        (8th Cir. 2005)…………………………………………………………24, 29

Long v. Shorebank Development Corp., 182 F.3d 548
        (7th Cir. 1999)…………………………………………………………..26

5

Magnum v. Action Collection Service, Inc., 575 F.3d 935
(9th Cir. 2009)………………………………………………….32, 40

Marshall-Mosby v. Corp. Receivables, Inc., 205 F.3d 323 (7th Cir. 2000)…..39

Martin v. Grehn, 546 Fed. Appx. 415 (5th Cir. 2013)…………………………36

Mattson v. United States West Communications, Inc., 967 F,2d 259
(8th Cir. 1992)………………………………………….30, 37, 38, 40, 41

McDermott v. Barton, 2014 WL 6704544
(S.D.Il. Nov. 26 2014)………..…………………………….23, 25, 33, 34, 47

Miller v. Wolpoff & Abramson, L.L.P., 471 F. Supp. 2d 243
(E.D.N.Y. 2007)…………………………………………………………30

Morrow v. Westphal, 521 N.E.2d 283 (Ill.Ct.App. 3 Dist. 1988)……………44

MSK EyEs Ltd. V. Wells Fargo Bank, Nat'l Ass'n, 546 F.3d 533
(8th Cir. 2008)………………………………………………………..26

Mueller v. Barton, 2014 WL 4546061
(E.D. Mo. Sept. 12, 2014)……………………………...20, 23, 25, 27, 29, 30

Ness v. Gurstel Chargo, P.A., 933 F. Supp. 2d 1156 (D. Minn. 2013)……….38

Nutter v. Messerli & Kramer, P.A., 500 F.Supp.2d 1219 (D. Minn. 2007)…..32

Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989 (8th Cir. 2010)…………..36

Picht v. Jon R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001)…………………20, 30

Pickens v. Collection Services of Athens, Inc., 165 F.Supp.2d 1376
(M.D.Ga. 2001) aff'd 273 F.3d 1121 (11th Cir. 2001)…………………………46

Riehm v. Engleking, 538 F.3d 952 (8th Cir. 2008)………………………………25

Rotella v. Wood, 528 U.S. 549 (2000)……………………………………………32

Ruth v. Unifund CCR Partners, 604 F.3d 908 (6th Cir. 2010)…………………35

Appellate Case: 14-3665   Page: 6   Date Filed: 01/20/2015 Entry ID: 4235502

Smith v. Kramer & Frank, P.C., No. 4:09CV802 FRB
        2009 WL 4725285 (E.D. Mo. Dec. 2, 2009)……………………………..48

Smith v Solomon & Solomon, P.C., 714 F.3d 73
        (1st Cir. 2013)…………………………………………………………..47

Smithrud v. City of St. Paul, Nos. 12–3713, 12–3736, 2014 WL 1226751
        (8th Cir. Mar. 26, 2014)……………………………………………..35

Somin v. Total Cmty. Mgmt. Corp., 494 F. Supp. 2d 153 (E.D.N.Y. 2007)….34

Spriggs v. Hosto & Buchan PLLC, No. 4:13CV00394 SWW,
        2014 WL 221982 (E.D. Ark. Jan. 21, 2014)…………………………..38

State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065 (2d Cir. 1988)…..36

Thompson v. Nat'l Credit Adjusters, LLC, Civil No. 10–2307 SRN/FLN,
        2011 WL 6003955 (D. Minn. Nov. 30, 2011)……………………………38

Turner v. Lerner, Sampson & Rothfuss, 776 F.Supp.2d 498
        (N.D. OH 2011)…………………………………………………..23, 30

Young v. LVNV Funding LLC, No. 4:12CV01180 AGF,
        2013 WL 4551722 (E.D. Mo. Aug. 28, 2013)…………………………..38

## Statutes

15 U.S.C. § 1692k………………………………………...………14, 16, 18, 29, 30

15 U.S.C. § 1692e………………………………………...19, 21, 22, 23, 27, 28, 29

15 U.S.C. § 1692f………………………………………………………….19, 21, 22

15 U.S.C. § 1692i…………………………………41, 42, 43, 44, 45, 46, 47, 48

735 ILCS 5/12-652………………………………………………………………….43

735 ILCS 5/12-653………………………………………………………………….43

7

735 ILCS 5/12-654…………………………………………………………………44

735 ILCS 5/12-705…………………………………………………………………..44

735 ILCS 5/12-803…………………………………………………………………..43

Mo. Rev. Stat. § 408.020…………………………………………………………20

Mo. Rev. Stat. § 525.030………………………………………………………….43

28 U.S.C. § 1367…………………………………………………………………49

Appellate Case: 14-3665    Page: 8    Date Filed: 01/20/2015 Entry ID: 4235502

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Appellant's FDCPA claims against Barton[1] pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. On October 17 2014, the district court entered an order disposing of all the parties' claims. (District Court Opinion and Order, Appx. 96, Addm. 15, hereinafter "Opinion."). A party has thirty days from the entry of judgment to file a notice of appeal. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Appellant filed his notice of appeal of the judgment on November 17, 2014. The Court's jurisdiction over Appellant's appeal is based on 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment from a United States District Court.

---

[1] Co-Defendants Weiss and CACi reached a confidential settlement with Appellant shortly after the filing of the Complaint and those parties have been dismissed with prejudice pursuant to that settlement.

9

## APPELLANT'S STATEMENT OF THE ISSUES

The first issue on appeal is whether the district court properly granted judgment in favor of Barton with respect to Appellant's claims under 15 U.S.C. § 1692d, e, and f based on the expiration of the statute of limitations contained in 15 U.S.C. § 1692k(d).  The most apposite cases and statutes are: 15 U.S.C. § 1692k(d); Mueller v. Barton, 2014 WL 4546061 (E.D. Mo. Sept. 12, 2014); Picht v. Jon R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001); McDermott v. Barton, 2014 WL 6704544 (S.D.Il. Nov. 26 2014);  Mattson v. United States West Communications, Inc., 967 F,2d 259, 261 (8th Cir. 1992).

The second issue on appeal is whether the district court properly granted judgment in favor of Barton with respect to Appellant's claim under 15 U.S.C. § 1692i based on the notion that Barton's suit against Appellant in Madison County, Illinois was not an "action against a consumer."  The most apposite cases and statutes are: 15 U.S.C. § 1692i; 735 ILCS 5/12-652; 735 ILCS 5/12-653; Fox v. Citicorp Credit Servs. Inc., 15 F.3d 1507, 1515 (9th Cir. 1994).

The third issue on appeal is whether the district court properly granted judgment in favor of Barton with respect to Appellant's claims for conversion and abuse of process based on the notion that without viable FDCPA claims, the district court lacked jurisdiction over the abuse of process and conversion claims. The apposite statutes are: Fed.R.Civ.P. 12, 28 U.S.C. § 1367.

Appellate Case: 14-3665     Page: 10     Date Filed: 01/20/2015 Entry ID: 4235502

<u>**STATEMENT OF THE CASE**</u>

*Factual Summary*

Appellant received medical treatment from St. Anthony's Medical Center (SAMC). (Complaint ¶ 10, Appx. 7, Addm. 3). After receiving treatment, Appellant understood that his full-coverage insurance ended up paying his hospital bill. (Complaint ¶¶ 11-12, Appx. 7, Addm. 3). As of October 26, 2012, however, a debt collector named CACi had acquired Appellant's supposedly unpaid SAMC debt. (Complaint ¶¶21-22, Appx. 7, Addm. 3). The debt collector CACi became the real party in interest for purposes of collecting on the debt. (Complaint ¶¶ 23-24, Appx. 7, Addm. 3). CACi hired Dennis Barton to sue Appellant to collect the debt. (Complaint ¶¶ 23-24, Appx. 7, Addm. 3).

Attorney Dennis Barton has a history of being sued for litigation misconduct. (Complaint ¶ 19, Appx. 7, Addm. 3; *See also* <u>Maher v. Barton</u>, 4:13-cv-02260DDN (E.D.Mo. 2013)- Barton sued for repeatedly garnishing debtor on supposed SAMC debt while debtor was in bankruptcy protection; <u>Huskey v. Barton</u>, 13SL-AC09144 (St. Louis County Circuit Court 2013)- Barton sued for taking judgment on supposed SAMC debt that was paid in full; <u>Pecararo v. Barton</u>, 14JE-AC03660 (Jefferson County Circuit Court 2014)- Barton sued for garnishing illicit interest and attorneys' fees on debt for apartment lease; <u>Mueller v. Barton</u>, 2014 WL 4546061 (E.D.Mo. Sept. 12, 2013)- Barton sued for deceiving consumer

11

on supposed SAMC debt; McDermott v. Barton, 2014 WL 6704544 (S.D.Il. Nov. 26 2014)- Barton sued for deceiving consumer on supposed SAMC debt and for effecting wrongful garnishment; Conway v. Barton, 4:13-cv-01940 (E.D.Mo. 2013)- Barton sued for abusing his status as an attorney against a consumer; Matt v. Barton, 4:13-CV-2529 (E.D.Mo. 2013)- Barton sued for deceiving consumer in suit on supposed SAMC debt; Hejlek v. Barton, 4:13-CV-002503 (E.D.Mo. 2013)- Barton sued for deceiving consumer in suit on supposed SAMC debt.

In the instant case, Barton, although he was truly working for CACi, filed suit against Appellant on behalf of SAMC in St. Louis County, Missouri in October of 2012. (Complaint ¶ 34, Appx. 7, Addm. 3). In the St. Louis County action, Barton pretended to be the attorney for SAMC. (Complaint ¶¶ 34-39, Appx. 7, Addm. 3). During the last quarter of 2012, Barton told Appellant that he was St. Anthony's lawyer in phone calls, a collection letter, and legal pleadings. (Complaint ¶¶ 27-28, 35-39, Appx. 7, Addm. 3). Barton concealed that (1) he was not really SAMC's lawyer and that (2) it was CACi, a debt collector, who was actually pursuing Appellant. (Complaint ¶¶ 40-41, Appx. 7, Addm. 3). Barton concealed these facts because he knew Appellant, thinking he was in litigation with his original creditor, would be unlikely to pursue his rights protected under 15 U.S.C. 1692a *et seq.* (the "Fair Debt Collection Practices Act" or "FDCPA"). (Complaint ¶¶ 41-42, Appx. 7, Addm. 3).

12

In the St. Louis County action, Barton first fabricated a pre-suit "demand date" to add excessive and illegal pre-judgment interest to the debt. (Complaint ¶¶ 42-44, Appx. 7, Addm. 3). Barton then obtained judgment against Appellant on the improperly inflated amount of the debt in early December of 2012. (Complaint ¶¶ 46, Appx. 7, Addm. 3).

In an effort to collect the judgment Barton unlawfully took in the name of SAMC, Barton went to court in Madison County, Illinois during 2013. (Complaint ¶ 49, Appx. 7, Addm. 3). Barton filed a second suit against Appellant in Madison County. (Complaint ¶¶ 23-24, Appx. 7, Addm. 3). The purpose of this second suit was to register the SAMC default judgment in state court in Illinois. (Exhibit C to Barton's Motion to Dismiss, Appx. 42-45). Appellant was named as the Defendant in the Madison County action. (Exhibit C to Barton's Motion to Dismiss, Appx. 42-45). Deceptively, Barton filed the Madison County action in the name of and on behalf of "Sunshine Title Loan," even though Barton's end goal was to collect on the SAMC judgment. (Exhibit C to Barton's Motion to Dismiss, Appx. 42-45).

Appellant has no connection to Madison County, Illinois; he neither lives nor works there and did not receive any services from SAMC in Madison County. (Complaint ¶¶ 52-56, Appx. 7, Addm. 3). Barton filed the Madison County action in that distant forum because he knew it would be difficult for Appellant to get to that location to challenge Barton's collection activity. (Complaint ¶ 57, Appx. 7,

Addm. 3). In addition, Barton filed the Madison County action in that location because he knew that he would ultimately be able to garnish a larger percentage of Appellant's wages with a judgment registered in Illinois as opposed to a Missouri judgment. (Complaint ¶ 58, Appx. 7, Addm. 3).

In the Madison County action, Barton falsely inflated the amount of the debt by adding illusory and illegal interest and cost amounts to the debt. (Complaint ¶¶ 62-63, Appx. 7, Addm. 3). Specifically, Barton fraudulently increased the amount of the debt by applying an interest rate of 23.64% to the St. Louis County judgment.[2] (Exhibit C to Barton's Motion to Dismiss at "Notice to Judgment Debtor," Appx. 42-45).

After Barton registered this inflated judgment, he served Appellant with garnishment interrogatories that once again identified Barton as SAMC's attorney and represented to Appellant that the garnished funds were going to SAMC to satisfy the debt. (Complaint ¶¶ 65-66, Appx. 7, Addm. 3). In reality, however, Barton was not SAMC's attorney and the garnished funds were not going to SAMC- they were going into Barton's bank account. (Complaint ¶ 67, Appx. 7,

---

[2] The St. Louis County judgment was for $1645.91. By its terms, the judgment allowed for interest of 9% per annum, which equates to $12.34 monthly. From the date of the judgment, December 5, 2012 to the date on Barton's Notice to Judgment Debtor of March 26, 2013, there could be no more than four months, or $49.37, worth of interest. Rather than add 9% interest, Barton added 23.64% interest when he tacked on $130.71 in interest to the judgment.

Appellate Case: 14-3665    Page: 14    Date Filed: 01/20/2015 Entry ID: 4235502

Addm. 3). Barton started garnishing the improperly inflated judgment amount from Appellant in 2013. (Complaint ¶ 68, Appx. 7, Addm. 3).

In December of 2013, Appellant learned, only with the assistance of counsel, that Barton was a fraud and that Barton never represented SAMC. (Complaint ¶¶ 69-70, Appx. 7, Addm. 3). On December 19, 2013, while Barton's garnishments were ongoing and active, Appellant filed his Complaint against Barton. (Complaint ¶ 68, Appx. 7, Addm. 3).

### *The District Court's Ruling*

Notwithstanding the fact that Barton was garnishing improper amounts from Appellant as of the date of the Complaint, the district court ruled that all of Appellant's FDCPA claims with the exception of Appellant's claim under 15 U.S.C. § 1692i were time-barred pursuant to the one-year statute of limitations 15 U.S.C. § 1692k(d). (Opinion, Appx. 96, Addm. 15).

The district court first ruled that the Rooker-Feldman doctrine was not applicable to Appellant's FDCPA claims: "plaintiff alleges that Defendant violated the FDCPA by… attempting to collect amounts that included an inflated principal balance, and inflated and illusory interest charges and costs… These allegations attack defendant's practices in collecting debts rather than the underlying state-court judgments and are not barred by the Rooker-Feldman doctrine." (Opinion, p. 4, Appx. 96, Addm. 15). Subsequently, however, the district court appeared to

15

advance <u>Rooker-Feldman</u> as an additional reason for its dismissal of Appellant's FDCPA claims: "Furthermore… <u>Rooker-Feldman</u> prevents him from challenging the legitimacy of the state court judgment, plaintiff cannot succeed on his claims that defendant wrongfully attempted to collect the full amount of the default judgment…" (Opinion, p. 7, Appx. 96, Addm. 15).

The district court also dismissed Appellant's 15 U.S.C. § 1692i claim because it concluded that Barton's garnishment was directed at Appellant's employer and not at Appellant. (Opinion, pp. 7-8, Appx. 96, Addm. 15). The district court did not comment or make any ruling with respect to Barton's initial Madison County suit against Appellant wherein Barton registered the SAMC judgment.

Finally, the district court declined to exercise supplemental jurisdiction over Appellant's claims for abuse of process and conversion and dismissed those claims without prejudice. (Opinion, pp. 10-11, Appx. 96, Addm. 15).

16

## SUMMARY OF THE ARGUMENT

The district court erred in dismissing Appellant's FDCPA claims as time-barred pursuant to 15 U.S.C. § 1692k(d). Appellant pleaded that Barton was actively collecting a falsely inflated amount of the debt as of the date Appellant filed his Complaint. Appellant also pleaded that Barton was, as of the date Appellant filed his Complaint, actively misrepresenting himself as the attorney for St. Anthony's Medical Center. Appellant pleaded that Barton, as of the date Appellant filed his Complaint, was actively representing to Appellant that the money Barton was taking was going to St. Anthony's Medical Center when, in reality, Barton was keeping the money. It is not possible for such concurrent and unlawful collection conduct to be time-barred by the applicable one-year statute of limitations.

Appellant additionally pleaded that Barton committed multiple additional FDCPA violations more than one year prior to the Complaint. Barton was able to deceive Appellant from discovering Barton's misrepresentations until shortly before Appellant filed his Complaint. Accordingly, the discovery rule and the doctrine of equitable tolling should apply to render these claims timely.

Appellant pleaded that Barton violated 15 U.S.C. § 1692i by filing a separate lawsuit against Appellant in Madison County, Illinois. The district court mistakenly concluded that this "separate lawsuit" was a garnishment proceeding

17

and ruled that the garnishment proceeding was directed to Appellant's employer and not Appellant before concluding that § 1692i therefore did not apply. The district court missed that *prior* to Barton's garnishment action, Barton filed a separate and distinct lawsuit against Appellant directly in order to register and authenticate the St. Anthony's Medical Center Judgment against Appellant. It was in this suit that Barton added illicit interest of more than 20% to the debt. At minimum, this suit is subject to §1692i and Appellant pleaded a viable FDCPA claim.

Appellant's state law claims for conversion and abuse of process should be reinstated after Appellant's FDCPA claims are reinstated because the district court will once again have supplemental jurisdiction over those claims.

## LEGAL ARGUMENT

## I. THIS COURT MUST REVERSE THE RULING OF THE DISTRICT COURT THAT APPELLANT'S FDCPA CLAIMS ARE TIME-BARRED BECAUSE MANY CLAIMS FALL WITHIN THE ONE-YEAR STATUTE OF LIMITATIONS.

This Court should reverse the ruling of the district court dismissing Appellant's FDCPA claims as time-barred because many of those claims are plainly within the applicable one-year statute of limitations.

### A. Appellant Has Pleaded Many Viable FDCPA Claims Within the One Year Statutory Period.

At minimum, Appellant has pleaded that Barton was actively (1) misrepresenting himself as SAMC's attorney and (2) actively collecting illicit amounts of interest and court costs as of the very moment Appellant filed his Complaint. (Complaint ¶ 68, Appx. 7, Addm. 3). Appellant also pleaded that Barton was actively representing that the funds Barton was taking from Appellant were going to SAMC while, in reality, Barton was keeping the money. (Complaint ¶ 65-67, Appx. 7, Addm. 3). A one-year statute of limitations applies to actions brought pursuant to the FDCPA: "An action to enforce any liability created by this title may be brought within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Appellant pleaded numerous viable claims pursuant to 15 U.S.C. § 1692e and § 1692f within the one-year statutory period.

### 1. Appellant's § 1692f Claim Is Squarely Within the Statute of Limitations.

Section 1692f(1) specifically prohibits, "The *collection* of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis added). Appellant pleaded that Barton, within the year prior to the filing of the Complaint, collected illegally inflated interest and cost amounts from him. This is a straightforward violation of § 1692f. Mueller v. Barton, 2014 WL 4546061 at *7 (E.D. Mo. Sept. 12, 2014)("Missouri law does not authorize prejudgment interest in the absence of a demand, and it is a violation of the FDCPA to collect or attempt to collect any amount, including interest, unless expressly authorized by the agreement creating the debt or permitted by law… plaintiff has pleaded facts showing entitlement to relief under the FDCPA."); Picht v. Jon R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001); Asch v. Teller, Levit & Silvertrust, P.C., 2003 WL 22232801 (N.D.Il 2003).

At the time Appellant filed his Complaint in December of 2013, Barton was actively taking money from Appellant that consisted of illegally inflated interest and other costs Barton added to Appellant's debt. Barton added one "chunk" of illicit interest to Appellant's debt when Barton fabricated a pre-suit payment demand date in the St. Louis County Action in 2012. (Complaint, ¶ 42-44, Appx.

Appellate Case: 14-3665    Page: 20    Date Filed: 01/20/2015 Entry ID: 4235502

7, Addm. 3).  Appellant pleaded that this interest amount was not authorized by Missouri law or by any agreement between Appellant and SAMC.  (Complaint, ¶ 46, Appx. 7, Addm. 3).  Barton was not permitted by law to increase the amount of the debt by adding pre-judgment interest absent a demand for the principal that was definite as to amount and time.  Mo. Rev. Stat. § 408.020; <u>A.G. Edwards & Sons, Inc. v. Drew</u>, 978 S.W.2d 386, 397 (Mo.Ct.App. 1998).  Barton fabricated the demand date, and the pre-judgment interest that Barton added to the amount of the debt was therefore unlawful.

Barton added a second "chunk" of illicit interest and costs to Appellant's debt in 2013 in the Madison County Action when he added far more post-judgment interest than the 9% that was allowed by the judgment itself[3].  (Complaint ¶ 62, Appx. 7, Addm. 3).  Barton also added illusory costs to the judgment.  (Complaint

---

[3] Documents from the Madison County action within this Court's scope of review confirm that Appellant's pleading is accurate.  Barton's Exhibit C to his Response to Appellant's Motion to Dismiss contains a "Notice to Judgment Debtor" that is addressed to Appellant at his residence.  This document indicates that 9% interest will be assessed on the judgment amount of $1645.91.  This document also shows how Barton gamed the actual interest he was collecting against Appellant.  From the date of the St. Louis County judgment, December 5, 2012, to the date on Barton's Notice to Judgment Debtor of March 26, 2013, there could be no more than four months, or $49.37, worth of interest.  (9% interest equates to .75% monthly.  .75% of $1645.91 is $12.34 in interest per month.  Over four months, the maximum interest that could be added in the Madison County action was therefore $49.37.)  Rather than add 9% interest, Barton added 23.64% interest when he tacked on $130.71 in interest to the judgment in the year prior to the filing of Appellant's Complaint.

21

¶ 63, Appx. 7, Addm. 3).   Barton was collecting these illicit amounts from Appellant on the very day that Appellant filed his Complaint (Complaint ¶ 68, Appx. 7, Addm. 3) and Appellant's FDCPA claims against Barton arising out of 15 U.S.C. § 1692f cannot possibly be time barred.   The district court improperly focused on *when* Barton falsified the initial "chunk" of interest rather than *when* Barton actually took this amount from Appellant.   Pursuant to § 1692f(1), the Court should look at when Barton "collected" the interest amounts that were not permitted by law.  15 U.S.C. § 1692f(1).  The "collection" occurred within the one-year statute of limitations.  As such, this Court should reverse the ruling of district court and reinstate Appellant's claim under 15 U.S.C. § 1692f.

## 2. Appellant's § 1692e Claims Are Squarely Within the One Year Statue of Limitations.

Section 1692e(2)(a) specifically prohibits, "The false representation of… the character, amount, or legal status of any debt..."  15 U.S.C. § 1692e.  Appellant pleaded that Barton falsely represented the amount of the debt to Appellant within one year prior of filing his Complaint.  (Complaint ¶¶61-63, Appx. 7, Addm. 3). Appellant also pleaded Barton engaged in "false, deceptive, or misleading" representations in connection with the collection of the debt in 2013 when Barton represented to Appellant that Appellant's judgment creditor was SAMC and that Barton was the attorney for SAMC.  (Complaint ¶¶ 22, 65-66, Appx. 7, Addm. 3).

Appellate Case: 14-3665     Page: 22     Date Filed: 01/20/2015 Entry ID: 4235502

In reality, Barton was not SAMC's attorney and the funds that Barton collected from Appellant went into Barton's bank account- not to SAMC. (Complaint ¶¶ 65-67, Appx. 7, Addm. 3).

This conduct runs afoul of § 1692e generally, and § 1692e(2)(a) specifically in that Barton's misrepresentation runs to the "character" of the debt. Misrepresenting the identity of the real party or parties in interest violates Section 1692e's ban on deceptive collection tactics. Mueller v. Barton, 2014 WL 4546061 at *11 (E.D. Mo. 2014) ("The court concludes the allegations that Barton falsely represented to plaintiff he was St. Anthony's attorney, accepted as true, plausibly state a claim for relief under 15 U.S.C. §§ 1692e and 1692f.); McDermott v. Barton, 2014 WL 6704544 at *12 (S.D.Il. Nov. 26 2014) ("But even if this issue could be decided at this stage of the litigation, Barton's argument would be denied. His argument is wholly unsupported by any authority or evidence… none of the classic attributes of the attorney-client relationship existed between Barton and St. Anthony's... the Court denies Barton's request to dismiss the FDCPA claim based on Barton's actions in designating himself as St. Anthony's attorney."); *See also* Hartman v. Asset Acceptance Corp., 467 F.Supp.2d 769, 779 (S.D. OH 2004); Turner v. Lerner, Sampson & Rothfuss, 776 F.Supp.2d 498, 506 (N.D. OH 2011). Moreover, the FDCPA specifically prohibits debt collectors like Barton from masquerading as the debtor's creditor when that is not the case. 15 U.S.C. §

23

1692e(14) (prohibiting "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization"); <u>Lester E. Cox Medical Center v. Huntsman</u>, 408 F.3d 989, 992–93 (8th Cir. 2005). Therefore, Appellant's § 1692e claims against Barton are not time-barred and this Court should reverse the district court.

In the instant case, Appellant pleaded that Barton took from Plaintiff, via garnishment, an illegal and excessive amount of interest and costs. There is no question that Barton's garnishment constitutes "collection activity" within the meaning of Sections 1692e-f. The collection of this illicit interest was occurring simultaneously with the filing of the Complaint, and thus cannot be time barred. Under the district court's flawed rationale, a debt collector like Barton could fraudulently inflate a debt, wait a year to collect it, and avoid all repercussions under the FDCPA. Such a result is plainly contrary to the plain text of 15 U.S.C. § 1692e-f. This Court should therefore reverse the district court's ruling and reinstate Appellant's claims under 15 U.S.C. § 1692e-f arising out of the improper and excessive amounts Barton collected within the limitations period.

### 3. Rooker-Feldman Does Not Bar Appellant's Claims.

Appellant anticipates that Barton, in light of the district court's conflicting stance on *Rooker-Feldman*, will try and resuscitate his argument that the doctrine merits the dismissal of Appellant's FDCPA claims.

Appellate Case: 14-3665    Page: 24    Date Filed: 01/20/2015 Entry ID: 4235502

Such an argument is meritless. Appellant's FDCPA claims related to the two legal actions that Barton pursued against him are not a challenge to the validity of the state court judgment against Appellant; Appellant does not seek any relief from the state court judgment, but rather seeks redress for Barton's litigation misconduct that went undetected. (Complaint ¶ 1, Appx. 7, Addm. 3). *See Mueller v. Barton*, 2014 WL 4546061 (E.D. Mo. 2014), at *5 ("The Rooker-Feldman doctrine does not bar plaintiff's claims premised on Barton's alleged improper activities in filing the state court suit and in collecting under the… judgment."); McDermott v. Barton, 2014 WL 6704544 at *5 (S.D.Il. Nov. 26 2014) ("[T]he fact that McDermott's pursuit of his claims could ultimately show that the state court default judgment was erroneous does not render *Rooker-Feldman* applicable… A plaintiff can deny the correctness of the state court judgment in pursuing the FDPCA claims without changing his claim into an improper request for direct review of the state court judgment.").

The *Rooker–Feldman* doctrine "is a narrow doctrine, 'confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Lance v. Dennis, 546 U.S. 459, 464 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 280, 284 (2005)); Riehm v. Engleking, 538 F.3d 952, 965 (8th Cir. 2008).

25

The doctrine only bars claims which are "inextricably intertwined with a state court judgment" such that "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Balinger v. Culotta, 322 F.3d 546, 549 (8th Cir. 2003) (internal quotation marks omitted). "[T]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996). The doctrine does not apply to cases, like Appellant's, that raise independent issues. MSK EyEs Ltd. V. Wells Fargo Bank, Nat'l Ass'n, 546 F.3d 533, 539 (8th Cir. 2008).

The FDCPA applies to the litigation conduct of lawyers who collect debts. Heintz v. Jenkins, 514 U.S. 291, 299 (1995). As a result, the *Rooker–Feldman* doctrine is often at issue in FDCPA cases involving state-court collection actions. However, because the FDCPA prohibits deceptive and abusive litigation conduct, such claims are actionable independent of the validity or invalidity of the state-court judgment. *See* Copeland v. Kramer & Frank, P.C., No. 4:09CV310 CD, 2009 WL 1684661, at *2 (E.D. Mo. June 16, 2009). An FDCPA violation is actionable notwithstanding *Rooker–Feldman* when it is "independent of and complete prior to the entry of" judgment, Long v. Shorebank Development Corp., 182 F.3d 548, 556 (7th Cir. 1999), or when "[t]he alleged litigation misconduct was not the product of the state court's" judgment "or any other decision rendered,

26

but rather, was 'simply ratified, acquiesced in, or left unpunished by [the state court judgment].'" Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 92 (2d Cir. 2012) (quoting Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005).

Accordingly, *Rooker–Feldman* is inapposite here. As the Mueller court succinctly stated, "Because the state court's judgment would still be intact even if Barton committed unlawful acts in obtaining and enforcing it, plaintiff's claims do not seek 'review and rejection' of the judgment… it is possible to conclude the defendant committed various torts in enforcing the judgment without concluding the judgment itself is invalid." Mueller, at *6 (internal citations omitted). Accordingly, Rooker-Feldman does not deprive the Court of jurisdiction over Appellant's FDCPA claims.

**4. Additional FDCPA Violations Arise Out Of The "Sunshine Title Loan" Documents Barton Asked the District Court to Rely Upon.**

If this Court reviews, as did the district court, Barton's attachments to his Motion to Dismiss as part of the pleadings in this matter, it should find that Appellant has pleaded the existence of additional violations within the applicable statute of limitations that stem from Barton's bizarre choice to portray Appellant's judgment as being in favor of "Sunshine Title Loan" in the Madison County action.

27

Appellant pleaded that Barton engaged in "false, deceptive and misleading conduct in the collection of a debt," and Appellant also pleaded that Barton filed a new and completely separate suit against him in Madison County, Illinois and identified this suit with the very same case number that appears on Barton's attachments to his Motion to Dismiss. (Complaint ¶¶ 51,74(e), Appx. 7, Addm. 3; Exhibit C to Barton's Motion to Dismiss, Appx. 42-45). Barton's own attachments indicate that Barton named Appellant as the defendant in a suit wherein Barton attempted to register a judgment in favor of "Sunshine Title Loan" (the address listed for Sunshine Title Loan is accurate) against Appellant in order to collect on what was actually the SAMC judgment. (Exhibit C to Barton's Motion to Dismiss, Appx. 42-45). These documents are all dated within the one-year statute of limitations.

Barton is either completely devious or horribly careless; either way, this conduct constitutes an additional FDCPA violation and it is embraced by Appellant's Complaint. As stated above, § 1692e(2)(a) specifically prohibits, "The false representation of… the character, amount, or legal status of any debt..." 15 U.S.C. § 1692e. Barton's representation that he was registering a judgment against Appellant in favor of Sunshine Title Loan is a false representation of the character of the SAMC debt. If this Court considers Appellant's pleaded facts in connection with the documents that Barton himself submitted, then the "Sunshine Title Loans"

28

issue becomes another reason why the district court erred in dismissing Appellant's FDCPA claims as time-barred.

## II. APPELLANT'S FDCPA CLAIMS THAT FALL OUTSIDE THE STATUTE OF LIMITATIONS SHOULD BE SUBJECT TO THE DISCOVERY RULE OR EQUITABLE TOLLING.

Appellant pleaded that Barton committed a host of FDCPA violations outside the applicable one-year statute of limitations. Appellant has pleaded sufficient facts for this Court to apply the discovery rule or the doctrine of equitable tolling.

### A. Either the discovery rule or the doctrine of equitable tolling should apply to all of Appellant's claims that originate from Barton's conduct prior to one year before Appellant filed his Complaint.

Appellant pleaded that Barton committed four FDCPA violations a little more than one year before the filing of the Complaint on December 19, 2013.

First, Appellant pleaded that Barton falsely told Appellant over the telephone and in collection correspondence that Barton was the attorney for SAMC. (Complaint ¶ 26-28, Appx. 7, Addm. 3). This conduct violates § 1692e. Mueller, at *17; Lester E. Cox Medical Center, 408 F.3d at 992–93.

Second, Appellant pleaded that Barton sued Appellant in St. Louis County, Missouri and falsely represented in those legal pleadings that he was SAMC's attorney. (Complaint ¶ 34-37. Appx. 7, Addm. 3). This conduct violates § 1692e.

Appellate Case: 14-3665     Page: 29     Date Filed: 01/20/2015 Entry ID: 4235502

Mueller at *17; Hartman v. Asset Acceptance Corp., 467 F.Supp.2d 769, 779 (S.D. OH 2004); Turner v. Lerner, Sampson & Rothfuss, 776 F.Supp.2d 498, 506 (N.D. OH 2011).

Third, Appellant pleaded that Barton sent a collection letter to Appellant that Barton "signed" without making any professional determination about the character or validity of the debt. (Complaint ¶ 29-33, Appx. 7, Addm. 3). This conduct violates § 1692e. Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993); Goins v. Brandon, 367 F.Supp.2d 240, 244–45 (D. Conn. 2005); Miller v. Wolpoff & Abramson, L.L.P., 471 F. Supp. 2d 243, 251 (E.D.N.Y. 2007).

Fourth, Appellant pleaded that Barton, in an effort to fraudulently inflate the amount of the debt, fabricated a pre-suit payment demand date in the St. Louis County action. (Complaint ¶ 42-43, Appx. 7, Addm. 3). This conduct violates § 1962f. Mueller v. Barton, 2014 WL 4546061 at *6 (E.D.Mo. Sept. 12, 2013); Picht v. Jon R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001); Asch v. Teller, Levit & Silvertrust, P.C., 2003 WL 22232801 (N.D.Il 2003).

## 1. Mattson is Inapposite and Does Not Hold That § 1692k(d)'s Statute Is "Jurisdictional."

The district court relied on Mattson v. United States West Communications, Inc., 967 F,2d 259, 261 (8th Cir. 1992) for the proposition that the statute of limitations set forth in 15 U.S.C. § 1692k is "jurisdictional." This reliance on

Appellate Case: 14-3665    Page: 30    Date Filed: 01/20/2015 Entry ID: 4235502

Mattson is in error.  As Judge Fleissig stated in Harris v. Barton, 2014 WL 3701037 (E.D. Mo. July 25, 2014) at fn. 2, "Upon reflection, the Court questions whether this reading of Mattson is correct, and whether the use of the word 'jurisdictional' in that decision was perhaps colloquial.  The question of tolling was not before the Court, just the question of when the one year began to run… The large majority of courts that have considered and analyzed the question have concluded that the one year period is subject to tolling…. This Court believes that, given the opportunity to consider the matter directly, the Eighth Circuit would agree with these courts."

This Court now has the opportunity to consider the matter directly, and it should reverse the ruling of the district court and reinstate all of Appellant's FDCPA claims that fall outside of the one-year period set forth in 15 U.S.C. § 1692k.  Both the "discovery rule" and the doctrine of equitable tolling should render Appellant's allegations about Barton's misconduct predating December 19, 2012 (one year prior to the filing of the Complaint) timely for purposes of the FDCPA's statute of limitations.

### 2.  This Court Should Apply the Discovery Rule.

The discovery rule "postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury."  Executive Air Taxi Corp. v. City of Bismarck, N.D., 518

31

F.3d 562, 570 (8th Cir. 2008).  Where a statute is silent on the issue of the discovery rule, the general rule is that the discovery rule applies.  Rotella v. Wood, 528 U.S. 549, 555 (2000); Greenfield v. Kluever and Platt, L.L.C., 2010 WL 604830 (N.D. Ill. 2010) at *1-2.  It has long been the case that "where the party injured by the fraud remains in ignorance of it without any fault of or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered." Bailey v. Glover, 88 U.S. 342 (1875).

A number of courts within this Circuit have applied the discovery rule to extend the one-year FDCPA statute of limitations.  See In re Humes, 468 B.R. 346, 356 (E.D. Ark. 2011); Nutter v. Messerli & Kramer, P.A., 500 F.Supp.2d 1219, 1223 (D.C. Minn. 2007)(holding, without specifically invoking the discovery rule by name, "In all cases, a plaintiff must have notice of the violation for the statute of limitations to run.")  Other Circuit Courts of Appeals that have considered the matter have also ruled that the discovery rule is applicable in FDCPA cases. Magnum v. Action Collection Service, Inc., 575 F.3d 935, 941 (9th Cir. 2009); Lembach v. Bierman, 528 Fed. Appx. 297, 303 (4th Cir. 2013).

Appellant pleaded that he could not have reasonably learned that Barton misrepresented himself as SAMC's attorney until he received the assistance of counsel shortly before filing his Complaint due to Barton's own fraud and concealment.  (Complaint ¶ 69-70, Appx. 7, Addm. 3).  It is a stretch to think that

Appellate Case: 14-3665    Page: 32    Date Filed: 01/20/2015 Entry ID: 4235502

any unsophisticated consumer such as Appellant would not be able to take an officer of the court like Barton at his word. In this case, the facts in the Complaint suggest that Appellant had no reason to suspect that Barton was not truly SAMC's attorney. This Court should therefore apply the discovery rule to Appellant's first and second claims referenced immediately above (Barton misrepresented himself as SAMC's attorney in letters, phone calls, and legal pleadings).

With respect to Appellant's third claim (Barton's failure to disclose attorney non-involvement in his collection letter), Appellant cannot claim to have specifically pleaded that he did not discover that Barton's lack of involvement. However, if this Court construes the pleaded facts and inferences therefrom in Appellant's favor, then it is apparent that Appellant had no way of knowing that Barton wasn't truly involved in the review of the collection letter at issue. The letter bore Barton's "signature," but this was a forgery by a non-attorney staff person. (Complaint ¶ 32, Appx. 7, Addm. 3). Accordingly, the Court should apply the discovery rule to Appellant's claim for Barton's failure to disclose attorney non-involvement with the subject collection letter. McDermott v. Barton, 2014 WL 6704544 at *8 (S.D.Il. Nov. 26 2014) ("Regardless of whether equitable tolling or the discovery rule is the proper defense to Barton's statute of limitations argument, it appears to the Court that the FDCPA's limitations period is subject to

both…The Court finds that the amended complaint supports an inference that McDermott may be able to establish a defense to the statute of limitations.").

With respect to Appellant's fourth claim (Barton's fraudulent inflation of the interest due via the falsified demand date in the St. Louis County lawsuit), Appellant cannot claim to have specifically pleaded that he did not discover the falsified demand date. Once again, the Court should construe the pleaded facts and inferences therefrom in Appellant's favor. Appellant had no reason to question the *bona fides* of Barton until very late in 2013. Barton was using his status as an officer of the court over an unrepresented, unsophisticated consumer to game additional interest. Due to his status, Appellant was not placed on notice to question Barton's unlawful tactics.

### 3. This Court Should Apply the Doctrine of Equitable Tolling.

This Court should also find that the doctrine of equitable tolling applies to save Appellant's four claims listed above from the statute of limitations. Courts may equitably toll a statute of limitations "when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990), *cert. denied* 498 U.S. 1026 (1991). Equitable tolling applies to FDCPA claims in appropriate circumstances. McDermott v. Barton, 2014 WL 6704544 at *8-9 (S.D.Il. Nov. 26 2014). Somin v. Total Cmty. Mgmt. Corp., 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (citing Johnson v. Nyack

34

Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568, 571 (S.D.N.Y. 2011).

To merit equitable tolling, the plaintiff must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Smithrud v. City of St. Paul, Nos. 12–3713, 12–3736, 2014 WL 1226751, at *3 (8th Cir. Mar. 26, 2014). Although courts do not readily toll statutes of limitation,

> [t]here are exceptions to the rule, one of which applies to defendants who fraudulently conceal their wrongdoing and prevent a plaintiff from filing suit during the limitations period. In those circumstances, the "right to be free of stale claims," Burnett v. New York Cent. R.R. Co., 380 U.S. 424, 428, 85 S. Ct. 1050, 13 L.Ed.2d 941 (1965), yields to the inequity of the defendant's conduct, see Holmberg v. Armbrecht, 327 U.S. 392, 396, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

Ruth v. Unifund CCR Partners, 604 F.3d 908, 910 (6th Cir. 2010); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (finding tolling appropriate when "when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction"). "The basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." Jones v. TransOhio Sav. Ass'n, 747 F.2d 1037, 1040 (6th Cir. 1984).

One example of an "extraordinary circumstance" meriting equitable tolling is the active concealment of the truth by a defendant. See, e.g., Paine v. Jefferson

Appellate Case: 14-3665    Page: 35    Date Filed: 01/20/2015 Entry ID: 4235502

Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010); Martin v. Grehn, 546 Fed. Appx. 415, 420 (5th Cir. 2013). The plaintiff can also demonstrate that "the wrong itself was of such a nature as to be self-concealing." State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988).

With respect to Appellant's first, second, and third claims (Barton misrepresented himself as SAMC's attorney in a letter, a phone call, and in pleadings, and Barton did not disclose attorney non-involvement in the collection letter), the Court should apply the doctrine of equitable tolling. Appellant could not have known from reading Barton's letter that he was not personally involved in the drafting or signing of the letter. (Complaint ¶ 29–33, Appx.7, Addm. 3). Barton's own signature (whether stamped or handwritten) on the letter actively concealed the fact that Barton undertook no independent review of Appellant's file prior to the sending of the letter. Id. Further, Barton's claim that he represented St. Anthony's was an affirmative lie that kept Appellant from leaning that Barton did not represent St. Anthony's. Id. ¶¶ 26–28.

Despite Barton's deceptive concealments, Appellant diligently pursued his claims. Soon after he consulted with the undersigned counsel in December 2013 and learned of Barton's FDCPA violations, he filed the instant Complaint. (Complaint ¶ 69–70, Appx. 7, Addm. 3). Barton's long-term campaign of active "concealment [and] misrepresentation" prevented Plaintiff from timely filing his

36

claims. <u>Heideman</u>, 904 F.3d at 1266. Because the FDCPA embodies Congress's broad remedial purposes in favor of consumers and against misleading debt-collection tactics, the need for tolling in the face of deceptive FDCPA violations is manifest. <u>Deutsche Bank v. Lichtenfels</u>, Nos. CV044003402S, CV065007438S, 2009 WL 2230937, at *20 (Conn. Super. Ct. June 17, 2009) ("[I]t would be odd, given the remedial nature of the FDCPA, that equitable tolling arguments pointing to unfair or deceptive practices of debt collectors which argue for tolling must be ignored when the whole act is aimed at actions by debt collectors deemed not fair to debtors.").

The Court should also apply the doctrine of equitable tolling to Appellant's fourth claim (Barton fraudulently inflated the amount of the debt). Appellant had no reason to question the *bona fides* of Barton until very late in 2013. Barton was using his status as an officer of the court over an unrepresented, unsophisticated consumer to game additional interest. Due to his status, Appellant was not placed on notice to question Barton's unlawful tactics.

## B. *Mattson* Does Not Control the Issue of Equitable Tolling Here.

Barton will likely point to *Mattson* in his argument against equitable tolling. There, the Eighth Circuit assessed the interaction of the FDCPA's statute of limitations and Rule 6(a) of the Federal Rules of Civil Procedure. <u>Mattson v. U.S. West Comms., Inc.</u>, 967 F.2d 259, 262 (8th Cir. 1992). The court narrowly

37

concluded that the FDCPA statute of limitations does not include the anniversary date of the violation. Id. The court found that this would afford plaintiffs an extra day beyond the one-year limitations period. Id. The court reasoned that "[w]e are not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts." Id.

A few district courts have interpreted that holding as foreclosing equitable tolling of the FDCPA's statute of limitations. This interpretation is misguided. Indeed, the entirety of *Mattson*'s consideration of this issue is its use of the word "jurisdictional." Id. Only four decisions in the Eighth Circuit have relied on this threadbare assessment of the Act's statute of limitations, and all do so without any analysis of the issue. Thompson v. Nat'l Credit Adjusters, LLC, Civil No. 10–2307 SRN/FLN, 2011 WL 6003955, at *2 (D. Minn. Nov. 30, 2011); Young v. LVNV Funding LLC, No. 4:12CV01180 AGF, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013); Ness v. Gurstel Chargo, P.A., 933 F. Supp. 2d 1156, 1165 (D. Minn. 2013); Spriggs v. Hosto & Buchan PLLC, No. 4:13CV00394 SWW, 2014 WL 221982, at *3 (E.D. Ark. Jan. 21, 2014). Moreover, the court in *Spriggs* recognized the other Circuits' disagreement with *Mattson* on this issue. Spriggs, 2014 WL 221982, at *3 n.15.

In contrast, other courts have provided compelling reasons why equitable tolling can and should apply to the FDCPA statute of limitations. In *Marshall-*

38

*Mosby*, the Seventh Circuit rejected the notion that the FDCPA's statute of limitations is jurisdictional. Marshall-Mosby v. Corp. Receivables, Inc., 205 F.3d 323, 327 (7th Cir. 2000). There, the court found that "the statute of limitations provision in the FDCPA is not a jurisdictional restriction." Id. This holding accords with the long-standing principle that "periods of limitations in federal statutes…are universally regarded as non-jurisdictional." Central States, S.E. & S.W. Areas Pension Fund v. Navco, 3 F.3d 167, 173 (7th Cir. 1993) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 392–98 (1982)), *abrogated on other grounds by* Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Ca., Inc., 522 U.S. 192 (1997).

Likewise, in *Clark* the court found that the presumption that statutes of limitation are not jurisdictional is not rebutted in the FDCPA context. Clark v. Bonded Adjustment Co., 176 F. Supp. 2d 1062, 1066 (E.D. Wash. 2001). The court started from the notion that "[t]here is a 'rebuttable presumption' that statutory time limits are not jurisdictional, and therefore that equitable tolling or estoppel is available…." Id. To rebut this presumption, the court must assess "whether the time limit is 'phrased... as a period of limitation' or 'speak[s] in jurisdictional terms or refer[s] in any way to the jurisdiction of the federal courts.'" Id. (quoting Calderon v. United States District Court, 128 F.3d 1283, 1287 (9th Cir. 1997)).

Appellate Case: 14-3665    Page: 39    Date Filed: 01/20/2015 Entry ID: 4235502

The court concluded that although the FDCPA's statute of limitations is in a section with the heading "Jurisdiction," this single indication was insufficient to rebut the presumption of non-jurisdictionality. <u>Id.</u> at 1067. Moreover, that heading was added only to the U.S. Code publication of the statute and is not present in the statute-at-large which enacted the FDCPA. <u>Id.</u> at 1068. The court further observed that the FDCPA's limitations language does not itself refer to jurisdiction in any way. <u>Id.</u> The court thus determined that "the FDCPA reads like an 'everyday, run-of-the-mill statute of limitations' and is not jurisdictional." <u>Id.</u> (quoting <u>Calderon</u>, 128 F.3d at 1288 n.4); *see also* <u>Mangum v. Action Collection Serv., Inc.</u>, 575 F.3d 935, 940–41 (9th Cir. 2009) (approving *Clark*'s reasoning and finding that there was no evidence in the statute or legislative history to rebut the presumption that the time limit is not jurisdictional); <u>Lichtenfels</u>, 2009 WL 2230937, at *20 (approving *Clark*'s reasoning in light of the broad remedial purposes of the FDCPA).

Many of these courts have openly criticized *Mattson*'s holding both for its incorrectness and lack of reasoning. *See, e.g.*, <u>Clark</u>, 176 F. Supp. 2d at 1065 (stating that *Mattson* "came to [its] conclusion without performing significant analysis of the statutory text or legislative history"); <u>Betskoff v. Enterprise Rent A Car Co. of Baltimore, LLC</u>, Civil Action No. ELH–11–2333, 2012 WL 32575, at *5 n.6 (D. Md. Jan. 4, 2012) (rejecting *Mattson*). In *Mangum*, the Ninth Circuit

Appellate Case: 14-3665    Page: 40    Date Filed: 01/20/2015 Entry ID: 4235502

reasoned that *Mattson*'s misinterpretation is probably connected to its inexact use of the word "jurisdiction":

> We are aware of the Eighth Circuit Court of Appeals' statement in reviewing this section that it was "not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts." Mattson v. U.S. West Commc'ns, Inc., 967 F.2d 259, 262 (8th Cir.1992). But that statement was made without any real analysis, and we are unsure but what "jurisdiction" was used in a somewhat colloquial sense. In any event, we do not agree that the language is jurisdictional.

Mangum, 575 F.3d at 940 n.14.

*Mattson* is inapposite for two reasons. First, because it only interpreted the time calculations under Rule 6(a), *Mattson*'s holding does not speak to equitable tolling. To the extent *Mattson* mentioned "jurisdiction," it did not engage in the complex analysis of whether equitable tolling should be available. Thus, this Court is not bound by any precedent to that effect, and the few district courts which have misinterpreted *Mattson* should not be followed. This Court should instead follow the well-reasoned precedent of the other Circuits which have countenanced equitable tolling under the FDCPA.

Second, even if *Mattson* did speak to whether the FDCPA's statute of limitations is jurisdictional, this Court should refuse to apply *Mattson* in light of the persuasive arguments recognized by the other Circuits on this issue. *Mattson*'s one-word analysis on this critical issue should not rebut the long-standing

Appellate Case: 14-3665   Page: 41   Date Filed: 01/20/2015 Entry ID: 4235502

presumption that statutes of limitation are not jurisdictional and may be equitably tolled. Marshall-Mosby, 205 F.3d at 327; Clark, 176 F. Supp. 2d at 1066; *see also* Ruth, 604 F.3d at 910 (applying equitable tolling to the FDCPA).

### III. APPELLANT HAS PLEADED A VIABLE § 1692i CLAIM BECAUSE BARTON'S MADISON COUNTY ACTION IS SUBJECT TO THE FDCPA'S VENUE RESTRICTIONS.

The next issue on appeal is whether the district court properly granted judgment in favor of Barton with respect to Appellant's claim pursuant to 15 U.S.C. § 1692i based on the notion that Barton's suit against Appellant in Madison County, Illinois was not an "action against a consumer for purposes of the FDCPA's venue provision." (Opinion, at p. 9., Appx. 96, Addm. 15).

### A. Barton's Suit to Register the SAMC Judgment Is Subject to § 1692i, as is Barton's Subsequent and Separate Garnishment Proceeding.

When he went to Madison County, Illinois, Barton did more than merely pursue a wage garnishment. Appellant pleaded that Barton filed a new and separate lawsuit against him. The district court only looked at the garnishment that Barton filed against Appellant's employer and mistakenly referred to everything that Barton did in Madison County, Illinois as "the garnishment." (Opinion, at p. 9., Appx. 96, Addm. 15). However, the documents that Barton attached to his Motion to Dismiss establish that Barton did file a separate lawsuit solely against

42

Appellant before Barton subsequently filed the garnishment action- just as Appellant pleaded. (Exhibit C to Barton's MTD, showing that Appellant's employer is not even mentioned in Barton's initial Madison County Action, Appx. 42-45).

### 1. Barton's First Action in Madison County – Registering the SAMC Judgment Against Appellant – Runs Afoul of § 1692i.

Appellant pleaded a viable claim pursuant to 15 U.S.C. § 1692i arising out of Barton's initial action against Appellant in Madison County, Illinois. Section 1692i prohibits a debt collector like Barton from commencing a legal action in a judicial district where the debtor does not reside or where the debtor did not incur the debt. "Any debt collector who brings any legal action on a debt against any consumer shall... bring such an action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2).

Appellant pleaded that Barton filed *a new lawsuit* against Appellant in Madison County, Illinois. (Complaint ¶ 49, Appx. 7, Addm. 3). The documents that the district court considered support this pleading, and demonstrate that it was in the context of this action that Barton applied additional illicit interest to the debt. (Exhibit C to Barton's MTD, Appx. 42-45). Appellant pleaded that he neither

43

lived nor worked in Madison County. (Complaint ¶ 52-53, Appx. 7, Addm. 3). Appellant pleaded that he did not receive the services that resulted in the debt in Madison County. (Complaint ¶ 54, Appx. 7, Addm. 3). Therefore, Appellant has stated a viable claim against Barton pursuant to § 1692i.

Before Barton could garnish Appellant's wages utilizing collector-friendly Illinois law[4], Barton filed suit directly against Appellant in order to register the SAMC judgment in Illinois. (Exhibit C to Barton's MTD, Appx. 42-45); 735 ICLS 5/12-652; 735 ILCS 5/12-653; (Complaint ¶ 49, Appx. 7, Addm. 3). If Barton wanted to collect the SAMC judgment in Illinois, Barton was required to (1) register and (2) authenticate the SAMC judgment. 735 ICLS 5/12-652; 735 ILCS 5/12-653; *See* Morrow v. Westphal, 521 N.E.2d 283, 285 (Ill.Ct.App. 3 Dist. 1988). Proper authentication required, at minimum, a certified copy of the SAMC judgment. Id. The documents that Barton attached to his Motion to Dismiss and upon which the district court relied plainly show that Barton did nothing to authenticate the judgment; Barton botched the entire process by attempting to register the judgment in the name of "Sunshine Title Loan." (Exhibit C to Barton's MTD, Appx. 42-45).

---

[4] Missouri has a statute that limits a garnishment to 10% of the wages for a "head of household" like Appellant. In Illinois, the amount is 15%. *Compare* Mo. Rev. Stat. § 525.030(2) (10%) *with* 735 ILCS 5/12-803 (15%).

44

Barton's initial action in Madison County was not, in name or in form, directed to Appellant's employer- not a single document in Barton's Exhibit C references Appellant's employer. In the context of such a registration action, Appellant was entitled to a hearing to show "any ground upon which enforcement of a judgment of any circuit court for any county of this State would be stayed" in an effort to stay the foreign SAMC judgment. 735 ILCS 5/12-654. Barton knew that it would be difficult or impossible for Appellant, a wage earner who lived very far away from Madison County, IL, to even participate in such a hearing. (Complaint ¶ 57, Appx.7, Addm. 3).

Barton's initial action in Madison County, Illinois qualifies as "any legal action on a debt against any consumer." 15 U.S.C. § 1692i(a). Appellant has absolutely no connection with Madison County, Illinois. Therefore, Appellant has stated a claim pursuant to 15 U.S.C. § 1692i.

### 2. Barton's Second Action in Madison County – the Garnishment Proceeding- Is Also Subject to § 1692i.

Only after Barton properly registered the SAMC judgment in Madison County against Appellant could Barton then take the next step to begin the garnishment process. To start the subsequent garnishment process, Barton was required to serve Appellant and his employer with a summons and notice as set forth in 735 ILCS 5/12-705. Appellant pleaded that Barton accomplished this task

Appellate Case: 14-3665     Page: 45     Date Filed: 01/20/2015 Entry ID: 4235502

(albeit by misrepresenting the amount of the debt and Barton's own status as SAMC's attorney in the process) just prior to November 21, 2013. (Complaint ¶ 64, Appx. 7, Addm. 3). This Court should rule that the garnishment proceeding qualifies as "any legal action on a debt against any consumer" and find that Appellant has pleaded a viable cause of action pursuant to § 1692i. 15 U.S.C. § 1692i(a).

The district court's concern that such an application of § 1692i could unjustly frustrate a creditor like SAMC from garnishing a consumer who lives and works in different judicial districts is misplaced. First, it is not as if Barton garnished Appellant where he worked- Barton filed the Madison County action in a forum distant from both Appellant's residence and workplace. (Complaint ¶¶ 52-53, Appx. 7, Addm. 3). Second, SAMC (if it were actually responsible for the suit, which it was not) could simply execute against Appellant's bank accounts in St. Louis, Missouri. Third, if SAMC wanted to use a distant forum like Madison County to effect a garnishment against Appellant in another Illinois county, then it could do so on its own without a third-party debt collector like Barton; § 1692i does not regulate creditors like SAMC, it only regulates debt collectors. 15 U.S.C. § 1692i.

The Ninth Circuit holds that garnishment proceedings are subject to § 1692i. Fox v. Citicorp Credit Servs. Inc., 15 F.3d 1507, 1515 (9th Cir. 1994). The First

Appellate Case: 14-3665     Page: 46     Date Filed: 01/20/2015 Entry ID: 4235502

and Eleventh Circuits have reached the opposite conclusion. Smith v Solomon & Solomon, P.C., 714 F.3d 73, 75 (1st Cir. 2013); Pickens v. Collection Services of Athens, Inc., 165 F.Supp.2d 1376, 1379 (M.D.Ga. 2001) *aff'd* 273 F.3d 1121 (11th Cir. 2001). The McDermott court elected to follow the First and Eleventh Circuits in similar fashion to the district court in the instant case. McDermott v. Barton, 2014 WL 6704544 (S.D.Il. Nov. 26 2014) at *7. Each of Smith, Pickens and McDermott held that garnishment proceedings were not subject to § 1692i because they reasoned that such a proceeding is directed against a consumer's employer, not the consumer. Not one of those opinions analyzed the initial legal action required to register a foreign judgment. Even with respect to the garnishment proceedings, the reasoning of these courts is incorrect based on the plain language of the applicable statute- Appellant was party, in both name and effect, to the garnishment proceedings and therefore Appellant has stated a valid claim pursuant to § 1692i.

### a. The Ninth Circuit's Approach Is Correct.

Section 1692i regulates "***any legal action on a debt*** against any consumer" brought by a debt collector. 15 U.S.C. § 1692i (emphasis added). "The purpose of the venue provision in the FDCPA reflects the concern of Congress about consumers having to defend against lawsuits in distant or inconvenient courts. A consumer would face a similar burden in defending against an enforcement

Appellate Case: 14-3665    Page: 47    Date Filed: 01/20/2015 Entry ID: 4235502

proceeding." Id.; *see also* Smith v. Kramer & Frank, P.C., No. 4:09CV802 FRB, 2009 WL 4725285, at *5 (E.D. Mo. Dec. 2, 2009).

Further, the broad definition of "debt" in the FDCPA encompasses debts that have been reduced to judgment. Adkins v. Weltman, Weinberg & Reis Co., L.P.A., Civil Action No. 2:11–cv–00619, 2012 WL 604249, at *6 (S.D. Ohio Feb. 24, 2012) ("Indeed, there would be no question about whether a debt collector who engaged in prohibited practices when telephoning or otherwise communicating with the debtor to collect on the judgment was attempting to collect on a 'debt' within the meaning of the Act."). As a result, "[a]n application for writ of garnishment, as an action in enforcement of a previously obtained judgment, is a 'legal action' which falls within the venue provision of the FDCPA." Smith, 2009 WL 4725285, at *5 (citing Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1515 (9th Cir. 1994); Flores v. Quick Collect, Inc., Civ No. 06-1564-AA, 2007 WL 2769003, at *3 (D. Or. Sept. 18, 2007).

*Fox* supports that Appellant pleaded a viable cause of action pursuant to §1692i. Fox, 15 F.3d at 1515. There, the debt collector applied for a writ of garnishment in a county in which the consumers neither lived nor where the underlying contract was executed. Id. 1510–11. The consumers claimed that the application violated the FDCPA's venue provision. Id. The debt collector argued that because a garnishment is "an action in enforcement of a previously-obtained

48

judgment," it is not a legal action under Section 1692i.  Id. at 1515.  The court

disagreed, reasoning that

> The plain meaning of the term "legal action"
> encompasses all judicial proceedings, including those in
> enforcement of a previously-adjudicated right. Cf. S & M
> Investment Co. v. Tahoe Regional Planning Authority,
> 911 F.2d 324, 326–27 (9th Cir. 1990) (construing term
> "legal action" as used in interstate compact), cert. denied,
> 498 U.S. 1087, 111 S. Ct. 963, 112 L.Ed.2d 1050 (1991).
> Because "debt" includes obligations reduced to
> judgment, any judicial proceeding relating to such a
> judgment constitutes a "legal action on a debt."

Id.  Because the Ninth Circuit found "no indication that Congress intended to

exclude enforcement actions, entailing the same concerns as initial adjudications,

from the venue provision," the court concluded that garnishment proceedings are

subject to venue requirements of Section 1692i.  Id.

Here, Appellant properly pleaded that Barton instituted garnishment

proceedings against him in Madison County despite the fact that Appellant does

not reside or work there and Appellant did not obtain the services underlying the

debt there.  (Complaint ¶¶ 65, 52–56, Appx. 7, Addm. 3).  Barton used Madison

County as a venue specifically because he knew it was a distant and inconvenient

forum for Appellant to defend himself.  Id. ¶ 57.  Further, Barton filed in Madison

County to avoid Missouri's rules on wage withholding so as to garnish Appellant

in greater amounts.  Id. ¶ 58.

The broad venue provision of the FDCPA regulates Barton's garnishment action. *Fox* and its progeny have explicitly held that actions to enforce previously-adjudicated rights come within the definition of "legal action." Thus Appellant's allegations are more than sufficient to state a claim for Barton's violation of Section 1692i.

## IV. THIS COURT SHOULD REINSTATE APPELLANT'S CLAIMS FOR CONVERSION AND ABUSE OF PROCESS.

The final issue on appeal is whether the district court properly granted judgment in favor of Barton with respect to Appellant's claims for conversion and abuse of process based on the notion that without viable FDCPA claims, the district court lacked jurisdiction over the abuse of process and conversion claims. For the reasons set forth above, Appellant respectfully suggests that he has stated viable FDCPA claims. This Court should therefore reverse the district court's order dismissing his state law claims without prejudice, as the district court will once again have supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a).

## <u>CONCLUSION</u>

Appellant respectfully requests that this Court reverse the ruling of the district court dismissing his entire Complaint, reinstate the Complaint in its entirety, and for all other relief in favor of Appellant this Court deems proper.

Appellate Case: 14-3665    Page: 50    Date Filed: 01/20/2015 Entry ID: 4235502

Dated: January 16, 2015

Respectfully submitted,

/s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046MO
Voytas & Company, LLC
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068
rickvoytas@gmail.com
*Attorney for Appellant, Greg Hageman*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel, attorney for Appellant Greg Hageman, hereby certifies that this brief complies with the type-volume limitation contained in Federal Rule of Appellate Procedure 32(a)(7)(B) in that the brief contains less than 14,000 words. Specifically, the brief contains 11,420 words even including the table of contents and the statement of the case. This brief has been checked for viruses and it is virus free.

/s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046MO
Voytas & Company, LLC
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068
rickvoytas@gmail.com
*Attorney for Appellant, Greg Hageman*

Appellate Case: 14-3665     Page: 51     Date Filed: 01/20/2015 Entry ID: 4235502

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 16, 2015, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which shall send notification of such filing to the following:

Dennis J. Barton III
The Barton Law Group, LLC
17600 Chesterfield Airport Rd., Ste. B7
Chesterfield, MO 63005
dbarton@bartonlawllc.com

Terrance J. Good
Lashly & Baer, P.C.
741 Locust Street
St. Louis, MO 63101
tjgood@lashlybaer.com

/s/ Richard A. Voytas, Jr.

Appellate Case: 14-3665    Page: 52    Date Filed: 01/20/2015 Entry ID: 4235502