COA No. 14-3665

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

GREG HAGEMAN,           )
                                  )

        Plaintiff-Appellant,     )    **On Appeal From The**
                                  )    **United States District Court For**
v.                          )    **The Eastern District of Missouri,**
                                  )    **No. 4:13-cv-02522-CEJ**

DENNIS J. BARTON, III,   )
                                  )

        Defendant-Appellee.   )
                                  )

## BRIEF OF APPELLEE DENNIS J. BARTON, III

Terrance J. Good
Lashly & Baer, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939/Telephone
(314) 621-6844/Fax
tjgood@lashlybaer.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................4

STATEMENT OF THE CASE...........................................................6

SUMMARY OF THE ARGUMENT ..................................................10

LEGAL ARGUMENT.......................................................................13

    **I.**    **HAGEMAN'S FDCPA CLAIMS ARE TIME-BARRED PURSUANT TO THE FDCPA'S ONE-YEAR STATUTE OF LIMITATIONS, AS THE DISTRICT COURT CORRECTLY FOUND, AND THOSE ALLEGED VIOLATIONS RELATED TO THE COLLECTION OF INTEREST AND COSTS AWARDED BY THE STATE COURT ALSO MUST FAIL BECAUSE THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES COLLATERAL ATTACKS ON STATE COURT JUDGMENTS ..................................................................13**

    **II.**    **THE FDCPA STATUTE OF LIMITATIONS IS JURISDICTIONAL AND CANNOT BE EQUITABLY TOLLED, BUT, EVEN IF TOLLING WERE POSSIBLE, HAGEMAN HAS NOT PLED FACTS TO EXCUSE HIS LACK OF DILIGENCE IN PROSECUTING HIS FDCPA CLAIMS. ..................................30**

    **III.**    **HAGEMAN'S CLAIM THAT  BARTON VIOLATED THE FDCPA VENUE PROVISION BY FILING THE WAGE GARNISHMENT ACTION AND FOREIGN JUDGMENT REGISTRATION IN MADISON COUNTY, ILLINOIS, MUST FAIL BECAUSE THE GARNISHMENT PETITION WAS DIRECTED AT  HAGEMAN'S EMPLOYER AND THEREFORE WAS NOT AN ACTION AGAINST "ANY CONSUMER" THAT WOULD BE ENCOMPASSED BY THE FDCPA..................................................................40**

    **IV.**    **THE FEDERAL COURT'S DECISION TO DISMISS THE STATE LAW CLAIMS OF CONVERSION AND ABUSE OF PROCESS WAS APPROPRIATE FOLLOWING THE DISMISSAL OF THE FDCPA CLAIMS BECAUSE NO**

Appellate Case: 14-3665    Page: 2    Date Filed: 03/10/2015 Entry ID: 4252668

**FEDERAL QUESTION CONTINUED TO EXIST AFTER THE DISMISSAL OF THE FDCPA CLAIMS.** ......................................**49**

CONCLUSION ..........................................................................50

CERTIFICATE OF COMPLIANCE .......................................51

Appellate Case: 14-3665    Page: 3    Date Filed: 03/10/2015 Entry ID: 4252668

# TABLE OF AUTHORITIES

**Cases**

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984): 35
*Board of Regents v. Tomanio*, 446 U.S. 478, 487 (1980): 31
*Brown v. Mortgage Electronic Registration Systems, Inc.*, 738 F.3d 926 (8th Cir. 2013): 49, 50
*Bryant v. Gordon & Wong Law Group, P.C.*, 681 F.Supp.2d 1205 (E.D. Ca. 2010): 19, 20
*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir. 1990): 36
*Davis v. Wyrick*, 766 F.2d 1197 (8th Cir. 1985): 27, 38, 39, 47
*Falcon v. Faulkner*, 567 N.E.2d 686 (Ill. App. 4th Dist. 1991): 48
*First Finance Co. v. Pellum*, 338 N.E.2d 876 (Ill. 1975): 28, 29
*Fleming v. Gordon & Wong Law Group, P.C.*, 723 F.Supp.2d 1219 (N.D. Ca. 2010): 18
*Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994): 46
*Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001): 30
*Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001): 31
*Grant v. Unifund CCR Partners,* 842 F.Supp.2d 1234 (C.D. Ca. 2012): 18, 19
*Harris v. Barton*, 2014 WL 3701037 (E.D. Mo. July 25, 2014): 31, 32, 33
*Henderson v. Ford Motor Co.*, 403 F.3d 1026 (8th Cir. 2005): 35, 36
*Kelley v. Med-1 Solutions*, *LLC,* 548 F.3d 600 (7th Cir. 2008): 20, 21
*Lemonds v. St. Louis County*, 222 F.3d 488 (8th Cir. 2000): 15, 16
*Light v. Light*, 147 N.E.2d 34 (Ill. 1957): 48
*Massey v. Litton*, 669 P.2d 248 (Nev. 1983): 39
*Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir. 1992): 30, 31
*McCarty v. Barton,* 2014 WL2958165 (E.D. Mo. July 1, 2014): 33
*Motley v. United States*, 295 F.3d 820 (8th Cir. 2002): 34
*Naas v. Stolman*, 130 F.3d 892 (9th Cir. 1997): 24, 26
*Ness v. Gurstel Chargo, P.A.,* 933 F.Supp.2d 1156 (D. Minn. 2013): 33, 34
*Pain, Webber, Jackson & Curtis, Inc. v. Rongren*, 168 N.E.2d 459 (Ill. App. 1st Dist. 1984): 48
*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987): 15, 16
*Pickens v. Collection Services of Athens, Inc.*  165 F.Supp.2d 1376 (M.D. Ga. 2001): 44, 46
*Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855 (9th Cir. 2008): 15
*Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008): 34, 35
*Ridenour v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 679 F.3d 1062 (8th Cir. 2012): 39
*Schaffhauser v. Citibank (S.D.) N.A.,* 340 Fed.Appx. 128 (3d Cir. 2009): 23, 24, 26

Appellate Case: 14-3665     Page: 4     Date Filed: 03/10/2015 Entry ID: 4252668

*Schuback v. Law Offices of Phillip S. Van Embden, P.C.,* 2013 WL 43641 (M.D. Penn. February 1, 2013): 44, 45, 46

*Shempert v. Harwick Chemical Corp.*, 151 F.3d 793 (8th Cir. 1998): 31, 34, 35

*Smith v. Solomon & Solomon*, 714 F.3d 73 (1st Cir. 2013): 43, 44, 45, 46

*Spriggs v. Hosto & Buchan PLLC*, 2014 WL 221982 (E.D. Ark. 2014): 34

*Stafford v. Ford Motor Co.*, 790 F.2d 702 (8th Cir. 1986): 28

*Thompson v. Nat'l Credit Adjusters, LLC*, 2011 WL 6003955 (D. Minn. November 30, 2011): 33

*Union Pacific R. Co. v. Beckham*, 138 F.3d 325 (8th Cir. 1998): 38, 39

*Williams v. Cavalry Portfolios Services*, *LLC,* 2010 WL 2889656 (C.D. Ca. July 20, 2010): 20

*Zimek v. Illinois Nat'l Casualty Co.*, 19 N.E.2d 620 (Ill. 1939): 28

**Statutes**
15 U.S.C. §§ 1692a: 13, 40, 47
15 U.S.C. §§ 1692d: 13
15 U.S.C. §§ 1692e: 13, 14, 25, 29
15 U.S.C. §§ 1692f: 13, 14, 16, 17, 22, 23, 26
15 U.S.C. § 1692i: 41, 47
15 U.S.C. § 1692k: 13
28 U.S.C. § 1367: 49

735 ILCS 5/12: 29, 47
740 ILCS 170/2: 42
740 ILCS 170/4: 42

**Court Rules**
Missouri Supreme Court Rule 74.06: 21, 24

5

## STATEMENT OF THE CASE

Plaintiff Greg Hageman alleged that in late September 2012, Defendant Dennis J. Barton III sent a letter to Hageman and made a telephone call in an attempt to collect a debt for unpaid medical bills related to Hageman's treatment at St. Anthony's Medical Center ("SAMC"). (Complaint ¶ 26, Appx. 11). On October 26, 2012, Barton filed a collection action against Hageman on behalf of SAMC in the Circuit Court of St. Louis County, Missouri, Associate Circuit Division. (Complaint, Appx. 7). On November 12, 2012, Hageman was personally served notice of the suit. (St. Anthony's Medical Center v. Gregory Hageman, Civil Docket report, Addm. 01).

Hageman failed to appear at the initial hearing on December 5, 2012, and the court entered a default judgment ("judgment") against him. (Judgment, Appx. 41, Addm. 04). The judgment included $1,510.35 in principal and $135.56 in interest. *Id.* The court's judgment also stated that "[c]osts of court and any costs for special process server taxed to Defendant" and ordered that "[j]udgment to bear interest at the rate of 9.00% per annum". *Id.* Hageman never moved the trial court to set aside its judgment based on excusable neglect or fraud, as allowed under Missouri Supreme Court Rule 74.06(b). (St. Anthony's Medical Center v. Gregory Hageman, Civil Docket report, Addm. 01). Nevertheless, he later filed a Fair Debt

6

Collection Practices Act ("FDCPA") complaint with allegations of fraud in obtaining that judgment.

Hageman filed his three-count FDCPA Complaint against Barton on December 19, 2013. (Civil Docket for Case #: 4:13-cv-02522-CEJ, Appx. 1). Hageman alleged that Barton, Consumer Adjustment Co., Inc., and Roger Weiss violated provisions of the FDC PA, 15 U.S.C. § 1692, *et seq.*, and committed the torts of abuse of process and conversion under Missouri state law. (Complaint, ¶¶ 73-74, 75-81, 82-89). The FDCPA violations asserted in the Complaint were founded on a letter and phone call from late September 2012, the filing of the state court action, and a subsequent garnishment proceeding directed at Hageman's employer in Illinois to collect the Missouri judgment. (Complaint, ¶¶ 73-74).

Hageman's Complaint was filed more than one year and seven weeks after he received the letter and phone call and the state court petition was filed, the incidents upon which most of the alleged FDCPA violations were based. Accordingly, the District Court granted Barton's motion to dismiss all counts related to these actions. (District Court Memorandum and Order, Appx. 96, 101-102, Addm. 10-11).

The District Court also dismissed Hageman's count based on the Illinois garnishment action, because it was an action against Hageman's employer rather than Hageman himself. (District Court Memorandum and Order, Appx. 105,

7

Addm. 14).  In this count, Hageman alleged a violation of the FDCPA's venue provision.  (Complaint, ¶ 59, Appx. 15).  Hageman contends that the garnishment of the Illinois employer violated the FDCPA provision that requires "any legal action on a debt against any consumer" must be brought in the judicial district where the consumer signed the contract sued upon or where the consumer resides at the commencement of the action.  *Id.*  As the District Court explained, however, the garnishment was directed at Hageman's employer and not at "any consumer", including Hageman.  (District Court Memorandum and Order, Appx. 104, Addm. 13).

Hageman asserts numerous theories, including several that were not preserved in the District Court, to justify his lack of diligence and utter neglect in prosecuting his alleged FDCPA claims in a timely manner.  He makes a novel argument that the collection of the state court judgment, including an award of interest, establishes continuing violations of the FDCPA that reset the statute of limitations with each new step in the litigation process, an argument similar to ones that have been rejected by courts repeatedly.  Hageman also claims the limitations period should be equitably tolled without pleading any exceptional circumstance which stood in his way to timely assert his claim or to establish that he pursued his rights diligently.  He then claims the accrual of his FDCPA action did not occur until he discovered the alleged violations, but he does not explain how a reasonable

8

person would not have been on notice of the claims once he received the letter, phone call, summons, and opportunity to be heard in state court, all of which he completely disregarded for more than a year.

Hageman ignores the basic facts. He cannot dispute that he received the letter and phone call more than a year before filing his FDCPA claims. Further, Hageman does not plead that he failed to receive notice of the state court suit and nonetheless neglected to attend the hearing on it, both of which occurred more than a year before he filed this action.

Most importantly, Hageman cannot deny the entry of the state court judgment against him, including the award of interest. The FDCPA claim is a collateral attack on the state court judgment, alleging fraud based on interest collected on the state court judgment despite the fact that the judgment included that interest. The *Rooker-Feldman* doctrine prohibits such collateral attacks. If the interest awarded under the state court judgment is lawful, a determination already made final by the state court, then Hageman's related FDCPA claims are time-barred. Accordingly, this Court should reject Hageman's varied attempts to skirt the FDCPA statute of limitations.

9

# SUMMARY OF THE ARGUMENT

Hageman did not file his FDCPA claims until more than a year and seven weeks after the occurrences of the violations allegedly committed by Barton. Hageman also failed to challenge the debt in state court, where he did not even appear, and a judgment was entered against him. Furthermore, Hageman to date has failed to request relief from the state court judgment under state court rules, which would be the appropriate avenue to assert fraud or excusable neglect associated with that judgment and the interests and costs awarded under it.

In order to resurrect these claims, Hageman is attempting to use the FDCPA to collaterally attack the validity of the underlying state court judgment. He claims the interest collected in satisfaction of the valid state court judgment, which expressly awarded the interest, constitutes a continuing violation of the FDCPA. Hageman also claims that Barton falsely represented himself as SAMC's attorney in the underlying state court action. But the *Rooker-Feldman* doctrine prohibits federal courts from re-litigating issues previously determined in state courts. Furthermore, Hageman's attempts to extend the FDCPA time window by claiming that new steps in the litigation process constitute violations of 15 U.S.C. §§ 1692f(1) and (e) have been repeatedly rejected by the federal courts. Hageman also claims that an inadvertent mistake in the caption used in a subsequent garnishment filing to collect the state court judgment reset the statute of limitations

Appellate Case: 14-3665    Page: 10    Date Filed: 03/10/2015 Entry ID: 4252668

or itself established a violation of the FDCPA. Neither argument is valid under the law because the garnishment was directed to the employer and not a consumer.

Hageman further attempts to rewrite the FDCPA statute of limitations by claiming that it is not jurisdictional and by requesting relief from this Court through equitable tolling or a liberal application of the discovery rule. This Court, however, has held that the FDCPA statute is jurisdictional, and therefore Hageman's failure to file within one year is fatal. But even if it were not jurisdictional, Hageman does not plead any circumstances to establish that an extraordinary circumstance stood in the way of him timely asserting his claims, as would be required for an equitable tolling of the time. Lastly on this issue, Hageman's attempt to rely on the discovery rule founders as he asserts no justification for failing to pursue his FDCPA claims even though he had notice of the suit and knowledge of the state court hearing, the letter, and the phone call all within the FDCPA limitations period.

Hageman also tries to defeat the FDCPA statute of limitations by asserting violations of the FDCPA venue provision related to the domestication of the Missouri judgment in Illinois and the subsequent garnishment action directed at Hageman's employer in Illinois. But the venue provision applies only to actions against "a consumer" and the Illinois garnishment was directed at Hageman's employer. Consequently, no violation occurred. The assertion that the registration

11

of the Missouri judgment in Illinois represents an action is unsupported by law and instead merely represents an effort to satisfy the valid Missouri judgment.

Finally, since no federal question remains following the dismissal of the FDCPA claims, the District Court also correctly dismissed Hageman's state law claims of conversion and abuse of process by declining to exercise its supplemental jurisdiction.

Appellate Case: 14-3665     Page: 12     Date Filed: 03/10/2015 Entry ID: 4252668

**LEGAL ARGUMENT**

I. **HAGEMAN'S FDCPA CLAIMS ARE TIME-BARRED PURSUANT TO THE FDCPA'S ONE-YEAR STATUTE OF LIMITATIONS, AS THE DISTRICT COURT CORRECTLY FOUND, AND THOSE ALLEGED VIOLATIONS RELATED TO THE COLLECTION OF INTEREST AND COSTS AWARDED BY THE STATE COURT ALSO MUST FAIL BECAUSE THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES COLLATERAL ATTACKS ON STATE COURT JUDGMENTS.**

Hageman alleges that Barton violated several provisions of the FDCPA. Hageman claims that Barton, while prosecuting a state court collection action, violated the FDCPA's prohibitions against a debt collector engaging in harassment or abuse and using "any false, deceptive, or misleading representations or means in connection with the collection of any debt". 15 U.S.C. §§ 1692d and e. Hageman also claims that Barton used "unfair practices," such as collecting an amount not authorized under the state court judgment and filing a subsequent wage garnishment action. *See* 15 U.S.C. §§ 1692f and a(B).

Regardless of the merits of Hageman's claims, the FDCPA includes a statute of limitations. The Act requires that an action for such violations must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Hageman filed this FDCPA action on December 19, 2013. His complaint included claims based on a letter and phone call in late September 2012. The District Court correctly noted that claims based on these activities are time-barred.

13

The District Court further held that the statute of limitations prevented Hageman's FDCPA claims based on the state court garnishment. That lawsuit was filed on October 26, 2012, and the judgment entered on December 5, 2012, both of which occurred more than a year before Hageman filed his FDCPA action. On this point, Hageman argues that the default judgment and garnishment action included an excessive amount of pre-judgment interest and that the funds garnished to pay this interest constituted a continuing violation of the FDCPA. This continuing violation, Hageman contends, lengthens the otherwise-straightforward FDCPA one-year statute of limitations.

Hageman's appeal to this Court to rewrite the FDCPA time limit or to convince this Court to overlook the statute of limitations must fail for at least three reasons. First, all of Hageman's arguments on this point would require this Court to accept that Barton collected an excessive and illegal amount of pre-judgment interest which requires an attack on the validity of the state court judgment and state laws that authorize such interest. Such an attack is prohibited by the *Rooker-Feldman* doctrine. Hageman argues that Barton was "actively taking … illegally inflated interest" following the state court judgment in violation of Section 1692f(1). In a related argument, Hageman asserts that the collection of costs awarded under the state court judgment violated Section 1692e. Beyond their collateral attack on the state court ruling, both of these arguments would require this Court to adopt a "continuing violation" interpretation of the FDCPA time

14

limitation, which would set a new time window with each new step in the litigation process, a concept repeatedly rejected by other courts.

> **A.** **The interest collected post-judgment under a lawfully entered state court judgment cannot establish a new violation of the FDCPA resetting the Act's statute of limitations because such an argument is nothing more than a collateral attack on the state court judgment which is prohibited by the *Rooker-Feldman* doctrine.**

The *Rooker-Feldman* doctrine established that "lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citations omitted). This doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.* Importantly, this Court has further explained:

> [A] corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. … A general federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it."

*Id.* at 492-493 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)).

*Rooker-Feldman* "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (citation omitted).

15

Accordingly, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state court judgment." *Lemonds*, 222 F.3d at 493 (quoting *Pennzoil Co*, 481 U.S. at 25). Furthermore, the state and federal claims do not need to be identical for the *Rooker-Feldman* doctrine to apply. *Id.* Thus, a federal court must determine "exactly what the state court held to ascertain whether granting the requested federal relief would either void the state court's judgment or effectively amount to a reversal of its holding." *Id.*

The *Rooker-Feldman* doctrine consequently precludes federal jurisdiction over Hageman's claims related to the interest included in the St. Louis County judgment. In the first point of his brief Hageman contends that Barton committed violations of the FDCPA by "actively taking money" from Hageman by including "illegally inflated interest". While Hageman does not explicitly state it, by "actively taking" he apparently is referring to the garnishment action, which was based on a lawful order by an Illinois state court and was filed against Hageman's employer, not Hageman himself (which are points developed more fully below).

Collecting interest on a debt obviously is not prohibited in all cases. Rather, Section 1692f(1) of the FDCPA bars the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) ***unless*** such

16

amount is expressly authorized by the agreement creating the debt or **_permitted by law_**." 15. U.S.C. § 1692f(1)(emphasis added). Therefore, if a state law permits interest, fees, and other charges to be added to a debt, then the collection of those costs is not a violation of the FDCPA.

The interest that is the subject of Hageman's complaint was entered in the default judgment by the state court. Hageman makes the specious and conclusory claim that this interest is illicit and falsified, but he offers no facts in his pleadings to support that assertion. Even if Hageman could offer such evidence, he has taken no action in Missouri or Illinois to challenge the judgment or garnishment. Instead, Hageman has filed this FDCPA action as a *de facto* appeal of the state court judgment.

Hageman is asking this Court to determine that the judgment whereby the state courts awarded interest under state law was wrongly decided by the state courts. This is exactly the activity the *Rooker-Feldman* doctrine was intended to prohibit because if the interest allowed under the state court judgment is lawful, then Barton's conduct following that judgment does not violate the FDCPA. Hageman's other claims relating to the collection effort, such as the letter and phone calls, are clearly time-barred, as the district court held and Hageman has conceded. If the state court judgment, including the award of interest, is allowed to

17

stand, Hageman's FDCPA claims must also fail because those claims are inextricably intertwined with the state court judgment.

Hageman's attempts to undermine the state court judgment by using the FDCPA are similar to those of a number of other plaintiffs which the courts have generally rejected. In a case directly on point, a plaintiff filed suit and based her FDCPA claims on a related wage garnishment filed in satisfaction of an underlying judgment. *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F.Supp.2d 1219, 1223 (N.D. Ca. 2010). She alleged a violation of the FDCPA based on the garnishment because it was "seeking excess interest". *Id.* To adjudicate this FDCPA claim, the court said it would have had to "determine the validity of the … debt recognized by the state court" in the garnishment. *Id.* However, the court refused and explained that "there is no question" that *Rooker-Feldman* bars a district court "from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment." *Id.*

In *Grant v. Unifund CCR Partners*, a state court entered a default judgment against Grant. 842 F.Supp.2d 1234, 1239 (C.D. Ca. 2012). Later, Unifund CCR garnished her wages to collect the judgment. *Id.* The plaintiff claimed that she did not owe the money, she was never served notice of the suit, and that the subsequent garnishment was improper. *Id.* The plaintiff asserted that these actions violated the FDCPA. *Id.* "Were the Court to rule that Unifund CCR committed any of

18

those alleged wrongs, it would undercut the state ruling that plaintiff was in fact

served with a copy of the summons and complaint, owed the debt to Unifund CCR,

and authorized Unifund CCR to execute a Writ of Execution" to enable the wage

garnishment. *Id.* The court thus refused to entertain any of the FDCPA claims on

those alleged wrongs. *Id.*

The court in *Bryant v. Gordon & Wong Law Group, P.C.*, considered the

same type of claims and circumstances. 681 F.Supp.2d 1205 (E.D. Ca. 2010). A

default judgment was entered against the plaintiff in the state court case based on a

debt he owed. *Id.* at 1208. The creditor then filed a wage garnishment, as allowed

under state law. *Id.* The plaintiff filed an FDCPA suit in federal court and claimed

that he was never served in the state court case and did not receive notice of the

default judgment against him. *Id.* The court in *Bryant* again flatly rejected the

plaintiff's attempted use of the FDCPA to circumvent the state court

determination. *Id.* The court explained the fundamental problem with Bryant's

maneuvering in a manner that illuminates all such cases:

> [I]n disputing the garnishment of his accounts, Plaintiff is inherently
> challenging the entry of default against him and the writ of execution that
> authorized the garnishment. The net effect is that Plaintiff is seeking to
> undermine the state court judgments. … The *Rooker-Feldman* doctrine
> specifically bars this Court from doing so.

*Id.* As the *Bryant* court noted, executing a garnishment enforces the judgment, and

disallowing such an execution destroys the underlying judgment as there often is

19

no other way for a judgment creditor to accomplish the remedy intended by the judgment. A judgment obtained by a creditor in state court would be rendered useless if the federal courts allowed judgment debtors to use the FDCPA as a bludgeon to frustrate the remedy ordered by the state court.

In addition to attacks against garnishments and interest charged on judgments, FDCPA plaintiffs, like Hageman, have tried many other routes to undermine the finality of state court judgments. For example, the plaintiff in *Williams v. Cavalry Portfolios Services*, *LLC*, alleged violations of the FDCPA based on failure of service and disputed that the debt was owed. 2010 WL 2889656, *3 (C.D. Ca. July 20, 2010). Here, the court held that by entering a default judgment the trial court found the plaintiff had been properly served. *Id.* The court declined to review this claim under the FDCPA because it violated the *Rooker-Feldman* doctrine. *Id.*

Another example is found in *Kelley v. Med-1 Solutions*, *LLC*, wherein the plaintiffs claimed that the defendants fraudulently represented they were entitled to attorney's fees in violation of the FDCPA. 548 F.3d 600, 605 (7th Cir. 2008). The court in *Kelley* said it "could not determine that defendants violated state law without determining that the state court erred by issuing judgments granting the attorney's fees." *Id.* at 605. The court affirmed the trial court's judgment on the FDCPA claim while describing the plaintiffs as "state court losers, who, in effect,

20

are challenging state court judgments." *Id.* And this, the court said, is exactly what the *Rooker-Feldman* doctrine targets.

As in *Kelley*, Hageman is a loser in state court now searching for a way to invalidate the state court judgment. The state courts determined that Hageman owed the debt, that interest and costs were allowed under state law, and that a garnishment was a proper method to enforce that judgment. Without a claim for "illicit" and "fraudulent" interest associated with the state court judgment and garnishment action, Hageman's FDCPA claim fails on this count because all of the related activity disputed by Hageman occurred before the statute of limitations expired.

Hageman does not claim that he was not properly served notice of the state court suit or garnishment. He did not appear in state court to raise any of these allegations of misrepresentations, lack of standing, fraud, deceit, and the like. Nor has he ever petitioned the state court to set aside the default judgment based on any of these assertions. *See* Missouri Supreme Court Rule 74.06(b) (allowing a party to move for the trial court to set aside a judgment for excusable neglect, fraud, irregular, void, or satisfied judgment). And he has never challenged the garnishment action in state court or raised therein the allegation of "illicit interest" being collected through that garnishment.

21

Instead, Hageman is asking this Court to rewrite the FDCPA statute of limitations to allow him to wage a *de facto* appeal of the state court judgment. But under the *Rooker-Feldman* doctrine, Hageman's attack on the finality of the Missouri judgment must fail.

**B.     Hageman's attempt to frame the default judgment and garnishment as a continuing violation of the FDCPA is against the overwhelming weight of authority and would pervert the clear intent of the statute of limitations.**

Hageman also argues that Barton "took from Plaintiff, via garnishment, an illegal and excessive amount of interest and costs." Hageman contends that this interest, which was expressly awarded under the state court judgment, violated Section 1692f(1). That section of the Act bars the "collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or **permitted by law**." 15 U.S.C. § 1692f(1) (emphasis added).

Hageman's argument fails for two reasons. First, as noted above, § 1692f(1) of the FDCPA allows the collection of interest as permitted by law. The interest collected on this debt was awarded under a valid state court judgment, which Hageman has never directly challenged in state court. Hageman cites no cases and pleads no facts that would establish that the interest awarded in state court was not permitted under state law. He makes only unsupported, conclusory allegations of fraud with no supporting details. These circumstances are exactly what the

22

*Rooker-Feldman* doctrine, as explained above, is intended to prevent. Hageman had numerous opportunities to challenge the debt in state court and failed to make any such attempt at all. But now he raises unsupported allegations of "illegal" interest awarded by the state court in a barely disguised effort to thwart the FDCPA statute of limitations and excuse his own failure to timely assert his related claims.

Hageman's argument on § 1692f(1) fails for a second reason. He uses the interest collected post-judgment to essentially contend that the satisfaction of the judgment establishes "collection activity" under the FDCPA and that each subsequent withholding by the employer under the garnishment order establishes a new violation of the FDCPA. Hageman cites no authority in support of this assertion. However, several courts have addressed this issue and reached the opposite conclusion. The Third Circuit considered this question in *Schaffhauser v. Citibank (S.D.) N.A.,* 340 Fed.Appx. 128 (3d Cir. 2009). The plaintiffs argued that each step in litigation constituted a continuing violation that extends the statute of limitations. *Id.* at 130. The Third Circuit disagreed and explained that its decisions "have limited the continuing violation doctrine to the employment discrimination context." *Id.* at 131 (citations omitted). The Third Circuit further observed that no other circuit had chosen to allow such an expansion of the

23

FDCPA statute of limitations and  chose not to extend the continuing violation doctrine to the FDCPA as it found no justification for the policy.

The Ninth Circuit reached the same conclusion in *Naas v. Stolman*.  130 F.3d 892, 893 (9th Cir. 1997).  The plaintiffs filed the FDCPA claim more than a year after the collector filed suit.  They claimed that each step in the litigation constituted a continuing violation and the statute of limitations ran anew with each new filing.  The Ninth Circuit declined to accept this argument and held that the statute of limitations began to run upon filing of the complaint, stating that the "purpose of the Act is to regulate the actions of debt collectors …" and "filing a complaint is a debt collector's last opportunity to comply with the Act …" *Id.*

Hageman argues, however, that without this extension of the statute of limitations, the debt collector may fraudulently inflate the debt, wait a year, collect the fraudulent debt, and "avoid all repercussions."  Ironically, Hageman's own suit illuminates the flaw in his argument. As noted earlier, Hageman had the opportunity challenge the underlying suit in state court but did not appear.  He could have asked to have the state court judgment set aside, but he never did so. *See* Missouri Supreme Court Rule 74.06.  Hageman could have challenged the garnishment action when it was filed and he was served, but he did not.  Hageman also could have filed his FDCPA complaint after service of the underlying suit, learning of the default judgment, or receiving notice of the wage garnishment, all

24

of which are actions that occurred well before his FDCPA claims became time-barred.  Instead, he waited more than a year, and he is now trying to resurrect his opportunity to attack the state court judgment by manipulating the FDCPA.

Resetting the FDCPA's statute of limitations with every new entry in the underlying litigation is contrary to the Act's intention of regulating the actions of debt collectors, as the Ninth Circuit noted.  When the debt collecting attorney first files the complaint, the debtor is on notice and may then challenge any FDCPA-prohibited conduct on the part of the attorney.  Hageman had many opportunities to challenge the underlying judgment or to file an FDCPA complaint within the Act's time constraints.  He failed to do so, and this Court should not adopt a new "continuing violations" doctrine in the context of the FDCPA simply to accommodate Hageman's claims.

**C.  This Court should reject Hageman's claims under § 1692e because they also rely on the repeatedly rejected "continuing violation" theory of resetting the statute of limitations based on each new step in litigation.**

Hageman asserts that Barton made false representations as to the character of the debt in the state court judgment by falsely representing the amount of the debt and by asserting that SAMC was the creditor when collecting on the valid, unchallenged state court judgment.  This, Hageman argues, violated Section 1692e(2)a, which prohibits the "false representation of the character, amount, or legal status of any debt".  15 U.S.C. § 1692e(2)(a).

Appellate Case: 14-3665    Page: 25    Date Filed: 03/10/2015 Entry ID: 4252668

Hageman makes the same argument here as he does in trying to wedge the continuing violation argument into § 1692f(1), discussed above. The state court petition was filed more than a year before Hageman filed his FDCPA claims. Any FDCPA claim founded upon it is therefore time barred. Hageman, however, argues that Barton's attempts to satisfy that judgment, including the garnishment action, must re-trigger the statute of limitations. This argument must fail because courts examining the issue have consistently held that time under the FDCPA begins running when the underlying collection action is filed. *See Naas v. Stolman.* 130 F.3d 892, 893 (9th Cir. 1997) (holding that FDCPA statute of limitations begins running upon the filing of the state court collection action); *Schaffhauser v. Citibank (S.D.) N.A.* 340 Fed.Appx. 128 (3d Cir. 2009) (declining to extend the continuing violation doctrine). Therefore, this Court should not revise the FDCPA to allow its statute of limitations to be extended based on the creditor's continued actions in attempting to collect a debt, as Hageman argues.

**D.  Mistakes in the caption for filings in the garnishment proceedings cannot justify resetting the FDCPA statute of limitations in Hageman's favor.**

The caption for two of the documents filed in the garnishment action contained a mistake that misidentified the judgment creditor. The "Judgment Creditor's Notice to Judgment Debtor of Filing of Foreign Judgment" and supporting "Affidavit" described the action as "SUNSHINE ENTERPRISES OF

26

MISSOURI D/B/A SUNSHINE TITLE AND CHECK LOAN v. GREGORY HAGEMAN." (Judgment Creditor's Notice to Judgment Debtor of Filing of Foreign Judgment, Appx. 44; Affidavit, Appx. 45). These filings, however, included a copy of the state court judgment with the correct caption, accurately describing the nature of the garnishment action. (Judgment, Appx. 43). Moreover, the subsequent Wage Deduction Order entered by the court correctly captioned the matter as "ST. ANTHONY'S MEDICAL CENTER V. GREGORY HAGEMAN." (Wage Deduction Order, Appx. 46).

Hageman apparently is arguing that this represents a new "collection activity" against him. This argument fails for three reasons. First and foremost, Hageman has not previously raised this issue, and it is not preserved for review. Second, the filing of the garnishment was a continuation of the state collection action and does not by itself reset the FDCPA statute of limitations. Third, the mistake in the caption was not a false and deceptive practice to establish a violation of the FDCPA even if the issue had been preserved and not time-barred.

Hageman did not present to the district court the allegation of an FDCPA violation related to the caption in the garnishment proceedings. "Normally, a party may not raise an issue for the first time on appeal as a basis for reversal." *Davis v. Wyrick*, 766 F.2d 1197, 1204 (8th Cir. 1985). There are several justifications for this. "First, the record on appeal generally would not contain the findings

necessary to an evaluation of the validity of appellant's arguments. … Second, there is an inherent injustice in allowing an appellant to raise an issue for the first time on appeal." *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir. 1986) (citation omitted).

Barton has not been given the opportunity to fully develop the facts related or defend against this issue in the trial court. Further, the trial court has made no findings on the validity of Hageman's arguments and therefore there is no record for this Court to review. Nothing prevented Hageman from raising the issue earlier, and he does not claim that any new facts have been discovered since the case was decided by the District Court. Under these circumstances, it would be inherently unjust to allow Hageman to raise such an issue now. This Court should refuse to review Hageman's lapsed claim on the mistake in the caption.

If this Court decides to consider the merits of this claim, it nonetheless should fail. As the District Court noted in its order dismissing Hageman's case, a garnishment is directed at the employer and not at the judgment debtor. A wage garnishment is an "additional step in the original action against the judgment debtor" and is not a separate action from the underlying action in which the judgment was entered. *First Finance Co. v. Pellum*, 338 N.E.2d 876, 879 (Ill. 1975) [citing *Zimek v. Illinois Nat'l Casualty Co.*, 19 N.E.2d 620 (Ill. 1939)]. In

Appellate Case: 14-3665     Page: 28     Date Filed: 03/10/2015 Entry ID: 4252668

fact, a garnishment "is clearly distinguishable from an action in which a judgment or decree is sought against a defendant …." *Pellum*, 338 N.E.2d 879.

Instead of a "second suit" as described by Hageman, Barton filed a Foreign Judgment garnishment pursuant to the Uniform Enforcement of Foreign Judgment Act. 735 ILCS 5/12-651. The garnishment was just a continuation of the underlying litigation. As noted above, the statute of limitations was not reset but rather started to run when the original state court collection action was filed and Hageman was on notice of the debt collector's conduct.

Finally, even if the issue had been preserved properly, the claim nonetheless is meritless under the FDCPA. Hageman alleges that the mistake in the caption amounts to the "false representation of … the character, amount, or legal status of any debt", which Hageman contends would be a violation of § 1692e(2)(a). The mistake, however, does not constitute a violation under the FDCPA. The correctly captioned state court judgment was attached along with the garnishment filings, and the error was corrected before the Illinois court entered the garnishment order. (Wage Deduction Order, Appx. 46).

Appellate Case: 14-3665     Page: 29     Date Filed: 03/10/2015 Entry ID: 4252668

## II. THE FDCPA STATUTE OF LIMITATIONS IS JURISDICTIONAL AND CANNOT BE EQUITABLY TOLLED, BUT, EVEN IF TOLLING WERE POSSIBLE, HAGEMAN HAS NOT PLED FACTS TO EXCUSE HIS LACK OF DILIGENCE IN PROSECUTING HIS FDCPA CLAIMS.

The FDCPA claims asserted by Hageman were filed more than a year after the conduct upon which they were based had occurred, and thus they are out of time. This Court has repeatedly held that actions filed more than a year after the violation occurred are time barred. *See Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 770 (8th Cir. 2001); *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir. 1992). Hageman contends that this Court should ignore the FDCPA statute of limitations and apply a doctrine of excuse, either through equitable tolling or the discovery rule.

Hageman's efforts to forgive his unreasonable delay must be rejected for at least three reasons. First, this Court has held that the FDCPA statute of limitations is jurisdictional and thus cannot be tolled. Second, even if tolling were possible, Hageman has not pled any facts to support equitable tolling. Third, the discovery rule also fails because of Hageman's lack of due diligence in discovering the alleged violations of the FDCPA.

30

**A.** **This Court held in *Mattson* that the FDCPA statute of limitations is jurisdictional, and it therefore may not be tolled for equitable reasons.**

Equitable tolling may be invoked to set aside the statute of limitations in some rare circumstances. To justify equitable tolling, the courts require excusable neglect by the filing party. *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793 (8th Cir. 1998). However, equitable tolling is limited to cases where the statute of limitations is not a jurisdictional bar. *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).

This Court held in *Mattson v. U.S. West Communications, Inc.*, that the FDCPA statute of limitations is jurisdictional rather than procedural. 967 F.2d 259 (8th Cir. 1992). This Court emphasized that "'[s]tatutes of limitations are not simply technicalities; on the contrary, they have long been respected as fundamental to a well ordered judicial system.'" *Id.* at 262 (quoting *Board of Regents v. Tomanio*, 446 U.S. 478, 487 (1980)). Moreover, this Court said that it is "not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts" in considering the FDCPA's statute of limitations.

Hageman cites only a single case, decided by the U.S. District Court for the Eastern District of Missouri, in support of his argument that this Court wrongly decided *Mattson*. *See Harris v. Barton*, 2014 WL 3701037 (E.D. Mo. July 25, 2014). He argues that the *Harris* decision construed this Court's determination on

31

the jurisdictional nature of the FDCPA statute of limitations as merely

"colloquial." Hageman thus asserts that *Mattson* was not considering the issue of

equitable tolling as applied to the FDCPA. Hageman misapplies the actual holding

of *Harris* and fails to note that the quoted discussion was offered only in the dicta

of a footnote. *Harris*, 2014 WL 3701037, *3 n.2. In fact, the *Harris* decision

reaches the opposite conclusion that Hageman seeks. The *Harris* decision

expressly states that it adopted the "circuit weight of authority" as to the

jurisdictional nature of the FDCPA's statute of limitations. 2014 WL 3701037, *3.

The court granted the defendant's motion to dismiss Harris's claims based on a

state lawsuit, a letter and a phone call that all occurred more than a year prior to

filing the action. While there was dispute in *Harris* as to when a final collection

letter was mailed and thus if the statute of limitations had run on as to one aspect of

the claim, the court allowed that one claim to stand only if that letter was mailed

less than one year before the FDCPA complaint was filed. *Id.* at *4. The *Harris*

court reiterated that "Plaintiff's claims under the FCPA based on [Defendant's]

actions that took place more than one year prior to … the date this action was filed,

are time-barred and must be dismissed." *Id.*

Notably, the same footnote in *Harris* cited as authority by Hageman also

concludes that grounds for tolling did not exist, even if the FDCPA statute of

limitations was not jurisdictional. *Id.* at *3, n.2. The court stated that Harris failed

Appellate Case: 14-3665     Page: 32     Date Filed: 03/10/2015 Entry ID: 4252668

to meet the burden of showing she had pursued her rights under the FDCPA diligently.  *Id.*  The facts in *Harris* are nearly identical to those in this matter, and Hageman's arguments in favor of tolling are no more persuasive then those of *Harris*.

Other district courts, faced with nearly identical facts, have reached the same conclusion: the FDCPA statute of limitations is jurisdictional and cannot be tolled. In *McCarty v. Barton*, also based on facts nearly identical to the present matter, the district court noted that, "Plaintiffs essentially concede their claims were filed out of time, but request that the Court apply the doctrine of equitable tolling to preserve their rights."  2014 WL2958165, *2 (E.D. Mo. July 1, 2014).  The plaintiffs in *McCarty* asserted only that Barton's "deceptive conduct justifies the employment of equitable tolling".  *Id.* at *3, n.3.  The court, however, refused and declared the action time-barred.  *Id. at *2.*

Furthermore, a number of federal courts have followed *Mattson* and declared the statute of limitations as jurisdictional.  Among them, the District of Minnesota explained the flaw inherent to any extension of the statute of limitations. "Allowing equitable tolling in this case would impermissibly extend jurisdiction nearly eight months beyond the one-year statute of limitations under the FDCPA." *Thompson v. Nat'l Credit Adjusters, LLC*, 2011 WL 6003955, *2 (D. Minn. November 30, 2011).  The court in *Ness v. Gurstel Chargo, P.A.* reiterated that the

33

"FDCPA's statute of limitations is jurisdictional and cannot be equitably tolled."
933 F.Supp.2d 1156, 1165 (D. Minn. 2013) (citations omitted); *see also Spriggs v. Hosto & Buchan PLLC*, 2014 WL 221982, *3 (E.D. Ark. 2014) (holding the same).

This Court correctly concluded that the FDCPA statute of limitations is jurisdictional. The FDCPA's statute of limitations requires that an action for violations of its provisions must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Therefore, Plaintiff's claims were filed out of time, and his equitable tolling argument must also fail because it is contrary to Eighth Circuit precedent.

**B.  Even if the FDCPA's statute of limitations is not jurisdictional, Hageman has pleaded no facts to excuse his failure to pursue his rights diligently or that any extraordinary circumstance stood in his way.**

Equitable tolling "is premised on the 'excusable neglect' of the filing party …" *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 797 (8th Cir. 1998) (citation omitted). "Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling is an exception to the general rule, and should therefore be used only in exceptional circumstances." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002). Equitable tolling "is an exceedingly narrow window of relief." *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) (quotation omitted).

34

Generally, "equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." *Shempert*, 151 F.3d at 798 (internal citation omitted). A plaintiff must establish two elements to justify equitable tolling: "(1) that [it] has been pursuing its rights diligently, and (2) that some extraordinary circumstance stood in [its] way." *Riddle*, 523 F.3d at 857 (quotation omitted). Even when these elements are established, this Court has only allowed equitable tolling under certain circumstances: "(1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of the defendant lulled the plaintiff into inaction." *Shempert*, 151 F.3d at 798 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) (per curiam).

This Court also has stressed that equitable tolling "is not an excuse to be invoked by those failing to exercise reasonable diligence." *Shempert*, 151 F.3d at 798. Importantly, the focus for the court when considering equitable tolling is not on the behavior of the defendant but instead on the behavior of the plaintiff. The "question is, whether a reasonable person in the plaintiff's position would have been aware that her rights had been violated." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005) (internal quotations omitted). In fact, "equitable

35

tolling does not require any conduct by the defendant." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990).

Hageman cannot show that he pursued his rights diligently. Not only did he file his FDCPA claims out of time, he did not appear at the state court proceedings in the underlying matter. Hageman declined his opportunity to challenge these alleged wrongs by Barton in state court. Further Hageman has not asked the state court to set aside the default judgment and has not challenged the garnishment in any manner other than through this FDCPA complaint.

Hageman's only assertion is that Barton's actions misled him and this should justify tolling. However, as noted in *Henderson* and *Cada*, the focus is not on the defendant when considering equitable tolling. Rather, the question is whether a reasonable person in Hageman's position would have been aware that his rights had been violated. The reason Hageman likely avoids this element is that it is virtually impossible to argue that a reasonable person would have ignored a summons, failed to appear in state court, conducted no investigation into the state court claim, and refused to defend himself against the allegations in the state court petition. Had Hageman been reasonably diligent, he would have learned of the alleged facts forming the basis of his FDCPA claims well within time to file a complaint.

36

Hageman also does not plead the existence of any extraordinary circumstance that prevented him from prosecuting his FDCPA claim. Nowhere in his pleadings does he suggest that he received inadequate notice, that the court led him to believe he had already done everything required of him, or that affirmative misconduct on the part of the defendant lulled him into inaction.

Hageman only suggests Barton misrepresented the identity of his client. Hageman asserts that he did not pursue his rights to challenge the debt because it was brought in the name of SAMC. Hageman claims that SAMC was not the true party as it had executed a limited assignment of its rights to CACI. (Affidavit of Claim, Addm. 3). Hageman, however, ignores the fact that Mr. Barton attached an affidavit to the state court petition explaining the assignment between SAMC and CACI. (Affidvait of Claim, Addm. 3). Hageman thus was on notice of the parties to the suit, the assignment between SAMC and CACI, Barton's role in the representation, and the nature and character of the debt at that time. Hageman, however, did nothing to investigate the suit, defend against the underlying claim, or assert his rights under the FDCPA. Accordingly, this argument does not provide grounds to excuse Hageman's complete lack of diligence in asserting his rights under the FDCPA.

Moreover, Hageman's pleadings offer no reason to excuse his neglect in pursuing his rights in this matter. He asserts no facts that establish he acted with

Appellate Case: 14-3665    Page: 37    Date Filed: 03/10/2015 Entry ID: 4252668

reasonable diligence; rather, he failed to appear or defend himself in any manner in state court, ignored the garnishment action, and then filed his FDCPA complaint well beyond the statute of limitations. Hageman cannot contend that some extraordinary circumstance prevented him from prosecuting his FDCPA claim. Consequently, Hageman's plea for this Court to equitably toll the statute of limitations based on his own neglect is fatally flawed.

> **C.** **The discovery rule offers no relief in this matter because of Hageman's lack of due diligence in discovering the alleged violations of the FDCPA.**

Under some circumstances, this Court has applied the discovery rule, which starts the time for the statute of limitations at the point when the plaintiff discovered or should have discovered the injury at issue:

> In a federal question case, and in the absence of a contrary directive from Congress, the "discovery rule," according to which a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation, is used to determine when a plaintiff's federal claim accrues.

*Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

Hageman failed to preserve this point by raising it to the trial court. Once again, a party is barred from raising an issue for the first time on appeal. *Davis*, 766 F.2d at 1204. He did not present any argument below or assert any facts that would excuse his neglect in investigating his FDCPA claims upon notice of the collection activities, such as the phone call, letter, notice of suit, and state court

38

hearing. Consequently, Hageman should be prohibited from raising this argument in this appeal.

Even if this Court considers Hageman's argument as to relief under the discovery rule, "statutes of limitations for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants and strict adherence to such limitations periods is the best guarantee of evenhanded administration of law." *Id.* Even in *Union Pacific*, where this Court stated its presumption about the application of the discovery rule in certain federal question cases, the court nonetheless declared that four of the counts in the case were time barred based on the lack of due diligence by the plaintiffs.

The discovery rule is narrowly applied and "clarified to mean that the statute of limitations begins to run when [the plaintiff] has before him facts which would put a reasonable person on inquiry notice of his possible cause of action." *Ridenour v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 679 F.3d 1062, 1065 (8th Cir. 2012) (quoting *Massey v. Litton*, 669 P.2d 248, 251 (Nev. 1983)). "The focus is on the [plaintiff's] knowledge of or access to facts rather than on her discovery of legal theories." *Id.* (quoting *Massey*, 669 P.2d at 252).

As noted above, Hageman does not claim that he was unaware of the debt at issue or the activities aimed at collecting it. He does not claim that he was not served proper notice of the underlying lawsuit or garnishment action, and neither

Appellate Case: 14-3665    Page: 39    Date Filed: 03/10/2015 Entry ID: 4252668

does he offer any justification for failing to appear or defend that lawsuit, or objecting to the garnishment as allowed under Illinois law, at any of the many stages of the litigation.

Instead, Hageman is using the discovery rule, as well as his other arguments for equitable tolling and continuing violations, as relief from his own neglect, lack of due diligence, and complete failure to act in a timely manner.

Thus, Hageman either actually knew or should have known all the facts he complains of in this action long before the expiration of the statute of limitations. Hageman ignored the litigation throughout and neglected to pursue his rights under the FDCPA in a reasonable and timely fashion. Accordingly, Hageman fails to establish that the discovery rule saves his claims herein.

**III.  HAGEMAN'S CLAIM THAT  BARTON VIOLATED THE FDCPA VENUE PROVISION BY FILING THE WAGE GARNISHMENT ACTION AND FOREIGN JUDGMENT REGISTRATION IN MADISON COUNTY, ILLINOIS, MUST FAIL BECAUSE THE GARNISHMENT PETITION WAS DIRECTED AT  HAGEMAN'S EMPLOYER AND THEREFORE WAS NOT AN ACTION AGAINST "ANY CONSUMER" THAT WOULD BE ENCOMPASSED BY THE FDCPA.**

The FDCPA includes a provision that requires:

Any debt collector who brings **any legal action on a debt against any consumer** shall … bring such action only in the judicial district or similar legal entity (A) in which the consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

40

15 U.S.C. § 1692i(a)(2) (emphasis added).  Hageman attempts to argue that the wage garnishment action against his employer and the recordation of the Missouri state court judgment in Illinois violated this venue restriction.  Despite Hageman's contention, the garnishment action was neither directed at Hageman nor any other consumer, but rather at Hageman's employer.  The garnishment was filed in Madison County, Illinois, as is allowed under Illinois state law.  In fact, no court that has directly considered this issue has accepted Hageman's argument that the filing of a garnishment action in the proper state court venue and directed at an employer would violate the FDCPA venue provision.  This Court should similarly reject such an argument.  Venue was indisputably appropriate in the state court action on the underlying debt.  In fact, this was the only legal action filed against Hageman.

Further, this Court should reject Hageman's argument that the registration of the foreign judgment was a violation of the FDCPA since the issue has been raised for the first time on appeal, and this Court generally bars review of issues not raised below.  However, should this Court should exercise its discretion to consider this question, it is clear that recording the state court judgment in another state is not a new action against the consumer.

A.     **The garnishment action was directed at Hageman's employer, not at "any consumer," and thus did not violate the FDCPA.**

Appellate Case: 14-3665     Page: 41     Date Filed: 03/10/2015 Entry ID: 4252668

Under the Illinois Uniform Enforcement of Foreign Judgments Act, through which the garnishment complained of was accomplished, a garnishment demand is made only against the judgment-debtor's employer. 740 ILCS 170/2. The employer, not the employee, withholds and delivers any funds subject to the garnishment. *Id.* The employee, however, is not without due process in a garnishment proceeding. For instance, the employee must be given notice of the garnishment before any funds are withheld. 740 ILCS 170/2.2. The employee may then notify the employer, not the court or the creditor, of a defense to the garnishment. 740 ILCS 170/4.1. If this notice of defense is given, then no wages are subject to garnishment. 740 ILCS 170/4.2. For the creditor to move forward with the garnishment after a notice of defense is given to the employer, a "subsequent proceeding on the debt" is then required. *Id.* The Illinois law also allows that a foreign judgment may be filed in the office of any circuit clerk for any county in the state. Hageman's employer was located in Illinois, and Barton thus lawfully recorded the judgment and filed the garnishment action in Madison County, Illinois. (Wage Deduction Order, Appx. 46).

Illinois law clearly requires that any garnishment action be directed against the employer, as was done in Hageman's case. No petition is filed against the judgment debtor, and no action is required of the judgment debtor. The judgment debtor participates in the action only if he chooses to assert a defense.

42

Consequently, no action was filed against "any consumer" in this matter, and Hageman's actions did not violate the FDCPA venue provision.

Courts directly examining this question have held that garnishment actions levied against an employer do not constitute violations of the FDCPA venue provision for these same reasons. The First Circuit, for instance, considered the venue issue of a garnishment action under Massachusetts law. *See generally Smith v. Solomon & Solomon*, 714 F.3d 73 (1st Cir. 2013). Massachusetts uses a trustee process for the attachment of wages. *Id.* at 75. The garnishment petition is directed against the third-party trustee, not the consumer, just as is in Illinois. *Id.* Also as in Illinois, the judgment debtor can appear to be heard on the motion but does not submit to the court's jurisdiction. *Id.* at 76. The First Circuit thus carefully explained its reasoning when rejecting a judgment debtor's allegation that the garnishment action in a venue outside of her home judicial district violated the FDCPA:

> We find no conflict between the state statutory scheme and the FDCPA. The Congressional concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself. … That concern is not present in the case of a post-judgment enforcement proceeding under Massachusetts trustee process law. The original suit to collect on the debt occurred in a forum that was convenient for [the judgment debtor], and she had an opportunity to defend against it. She was not, in the words of Congress, "denied her day in court."

43

*Id.* (internal citation omitted). The First Circuit also noted that the Federal Trade Commission stated in a commentary to the FDCPA that the venue provision does not apply in a post-judgment enforcement proceeding like Massachusetts's or Illinois's. *Id.* The FTC, as quoted by the First Circuit, stated that the FDCPA provides if "a judgment is obtained in a forum that satisfies the requirements [of the FDCPA], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." *Id.* (quoting *Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50,097, 50,0109 (Dec. 13, 1988)).

This fundamental precept of the FDCPA, establishing that the consumer has the chance to defend actions on the debt in an appropriate forum through the original action on the debt, also factored heavily in the court's decision in *Pickens v. Collection Services of Athens, Inc.* 165 F.Supp.2d 1376 (M.D. Ga. 2001). Georgia's wage garnishment laws also require the actions to be brought against the employer rather than the consumer. *Id.* at 1381. This court echoed the First Circuit in stating that in such enforcement actions "the debtor has already had a chance to defend the debt action in the original proceeding in which the judgment was obtained." *Id.* The original proceeding on the underlying judgment complied with the FDCPA, and the debtor was therefore protected as intended. *Id.*; *see also*

44

*Schuback v. Law Offices of Phillip S. Van Embden, P.C.,* 2013 WL 43641, *3

(M.D. Penn. February 1, 2013) (holding the same).

Notably, the First Circuit in *Smith* emphasized that if the courts adopted the restrictive reading of the FDCPA urged by judgment debtors like Hageman, then "it would be impossible for the debt collector to enforce a prior judgment" through post-judgment enforcement proceedings such as those established in Illinois and Massachusetts, "unless the judgment debtor happened to reside or to have signed the underlying contract in the same county in which the trustee had a usual place of business." 714 F.3d at 77.

Hageman even acknowledges this in his brief, stating that a judgment creditor could not garnish the wages of a judgment debtor like Hageman who works in one state but lives in another. The judgment creditor could, at best, garnish a bank account if that happened to be in the same judicial district as the judgment debtor, according to Hageman's reasoning. As the First Circuit stressed, this reading of the FDCPA would decimate state debtor-creditor legal structures. There would be little value in pursuing a judgment against a debtor when the debtor can simply refuse to pay it and face no significant legal recourse so long as he works in one judicial district and lives in another.

The only authority that Hageman cites for support is a Ninth Circuit decision in which the court did not consider whether a garnishment directed to a judgment

debtor's employer was an action against "any consumer." *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994). The issue in *Fox* was whether a garnishment was a "legal action" as covered by the FDCPA. Hageman here does not dispute that a garnishment is a legal action under Illinois law but nonetheless contends, as do the courts that have considered the issue, that a garnishment is not an action against "any consumer."

Consequently, as *Smith*, *Pickens*, *Schuback*, and the FTC commentary all firmly hold or otherwise reason, the FDCPA venue restriction was concerned with the debtor's ability to contest a debt in a convenient venue. Hageman had ample opportunity to dispute and defend against the debt in the state court action. However, Hageman did not appear or dispute the debt in the state court action. The FDCPA was not intended to give debtors unlimited bites at the apple when it comes to disputing debts, as Hageman's argument would suggest. Congress certainly did not intend the FDCPA venue provision to completely undermine and undo state wage garnishment proceedings. Accordingly, this Court should reject Hageman's argument that the Illinois wage garnishment action against Hageman's employer was against a "consumer" and thus in a forum prohibited by the FDCPA.

46

**B.** **Hageman failed to raise the issue of the registration of the foreign judgment as a separate action in a venue forbidden by the FDCPA in proceedings below, and it should therefore not be considered; but, if this Court exercises its discretion to reach its merits, the argument still fails because recording a foreign judgment is not an action as contemplated by the FDCPA.**

Hageman also contends that Barton violated the FDCPA venue prohibition by recording the judgment in Illinois since he does not live in Illinois and the contract for the debt at issue was not signed in Illinois. Hageman argues that recording a foreign judgment is a new action that qualifies as "any legal action on a debt against any consumer." 15 U.S.C. § 1692i(a).

Once again, Hageman did not raise this issue to the trial court. As stated above, a party may not raise an issue for the first time on appeal as a basis for reversal." *Davis*, 766 F.2d at 1204. Just as with Hageman's discovery rule argument, it would be inherently unjust to allow Hageman to assert a new argument at this stage of the appeal, and this Court should decline to allow him to do so.

Hageman's argument also fails on the merits because the nature of recording a foreign judgment in Illinois starkly contrasts with the nature of a legal action as targeted by the FDCPA. Illinois allows for foreign judgments to be registered through the Illinois Uniform Enforcement of Foreign Judgment Act. 735 ILCS 5/12. "The purpose of the Act is to implement the full faith and credit clause of the federal constitution and to facilitate interstate enforcement of judgments in any

47

jurisdiction where the party against whom a foreign judgment has been rendered is found." *Pain, Webber, Jackson & Curtis, Inc. v. Rongren*, 168 N.E.2d 459, 462 (Ill. App. 1st Dist. 1984). The Act "is intended to make it easier to enforce judgments across State lines", and thus it establishes a procedure to register the judgment in an appropriate court in Illinois. *Light v. Light*, 147 N.E.2d 34, 37 (Ill. 1957). However, a "foreign judgment is not subject to collateral attack in an Illinois court except for the defense of fraud in the procurement of the judgment or lack of jurisdiction in the rendering court." *Rongren* at 462. A judgment debtor cannot attack or defend against a foreign judgment on any grounds that could have been presented to the foreign court when the judgment was rendered below. *Falcon v. Faulkner*, 567 N.E.2d 686, 694 (Ill. App. 4th Dist. 1991).

Consequently, recording a foreign judgment in Illinois is not an action on the debt, nor is it an action against the debtor. It is a procedure to recognize actions in other jurisdictions that have already been reduced to judgment. There is no action taken when judgments are registered: the judgment debtor does not appear, nor may the judgment debtor even raise any arguments or challenge anything about the underlying judgment other than fraud or jurisdiction of the issuing court. Hageman neither challenges the jurisdiction of the state court nor the underlying debt itself.

Such an interpretation of the FDCPA that prohibits the recording of foreign judgments would destroy the application of the federal Constitution's Full Faith

Appellate Case: 14-3665     Page: 48     Date Filed: 03/10/2015 Entry ID: 4252668

and Credit Clause. Under Hageman's argument, registering any judgment based on a debt in a new state where the debtor did not live or incur the debt would violate the FDCPA. A judgment creditor would never be able to record a valid judgment from one state in another state under this reading of the FDCPA unless the judgment debtor lived in that judicial district. Such an interpretation of the FDCPA would be completely unworkable and unravel both the Full Faith and Credit aspect of the federal system and state wage garnishment and property execution laws. Accordingly, this Court should reject Hageman's argument that the FDCPA venue provision was intended to prevent the recording of foreign judgments in new states.

IV.     **THE FEDERAL COURT'S DECISION TO DISMISS THE STATE LAW CLAIMS OF CONVERSION AND ABUSE OF PROCESS WAS APPROPRIATE FOLLOWING THE DISMISSAL OF THE FDCPA CLAIMS BECAUSE NO FEDERAL QUESTION CONTINUED TO EXIST AFTER THE DISMISSAL OF THE FDCPA CLAIMS.**

After dismissing Hageman's FDCPA claims, the District Court also correctly dismissed Hageman's state law claims for conversion and abuse of process. To exercise jurisdiction over state law claims, the district court would have to rely on the supplemental jurisdiction statute, which provides jurisdiction over state law claims that formed a part of the same "case or controversy" as the federal claims asserted. 28 U.S.C. § 1367. When considering whether to exercise supplemental jurisdiction, the "district court should consider factors such as

49

judicial economy, convenience, fairness, and comity." *Brown v. Mortgage Electronic Registration Systems, Inc.*, 738 F.3d 926, 934 (8th Cir. 2013). The district's decision of whether to exercise supplemental jurisdiction is reviewed for an abuse of discretion. *Id.*

Hageman did not plead any of the factors supporting an exercise of supplemental jurisdiction in this matter. His only argument is that jurisdiction is proper because he contends that his FDCPA claims should be reinstated, and the District Court would again have federal question jurisdiction. For the reasons stated above, however, after the District Court dismissed all FDCPA claims, the court rightly declined to exercise its supplemental jurisdictional over Hageman's state law claims of conversion and abuse of process. Consequently, this Court should affirm the District Court's decision.

## CONCLUSION

Barton asks this Court to affirm the District Court and dismiss Hageman's FDCPA claims and state law claims for the reasons stated above.

Appellate Case: 14-3665     Page: 50     Date Filed: 03/10/2015 Entry ID: 4252668

_/s/ Terrance J. Good_

Terrance J. Good    #25336MO

LASHLY & BAER, P.C.

714 Locust Street

St. Louis, Missouri 63101

(314) 621-2939/Telephone

(314) 621-6844/Fax

tjgood@lashlybaer.com

_Attorneys for Defendant-Appellee_

## CERTIFICATE OF COMPLIANCE

The undersigned counsel, attorney for Appellee Dennis J. Barton, III, hereby certifies that this brief complies with the type-volume limitation contained in Federal Rule of Appellate Procedure 32(a)(7)(B) in that the brief contains less than 14,000 words. Specifically, the brief contains 11,527 words even including the table of contents and statement of the case. This brief has been checked for viruses and it is virus free.

_/s/ Terrance J. Good_

Terrance J. Good    #25336MO

LASHLY & BAER, P.C.

714 Locust Street

St. Louis, Missouri 63101

(314) 621-2939/Telephone

(314) 621-6844/Fax

tjgood@lashlybaer.com

_Attorneys for Appellee_
_Dennis J. Barton, III_

51